**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Willard YOUNG, Defendant-Appellant.**

**No. 77–3810.**

United States Court of Appeals,
Ninth Circuit.

March 22, 1979.

---

F. P. Pettyjohn of Pettyjohn & Pestinger, Anchorage, Alaska, for defendant-appellant.

Milton L. Moss, Asst. U. S. Atty., Anchorage, Alaska, (argued), for plaintiff-appellee.

Before MERRILL and CHOY, Circuit Judges, and BONSAL, District Judge.*

BONSAL, District Judge.

This is an appeal from a judgment of conviction on June 8, 1977 of one count of possession of heroin with intent to distribute in violation of 21 U.S.C. 841(a)(1) and one count of conspiracy to distribute and to possess with intent to distribute in violation of 21 U.S.C. 846. Appellant's notice of appeal was filed timely on June 16, 1977.

Review is sought on three grounds. First, that the trial court erred in denying appellant's motion to dismiss the indictment for the failure of the Government to comply with the Speedy Trial Act, 18 U.S.C. 3161(e). Second, that the delay in bringing appellant to retrial following reversal of his first conviction denied him his right to a speedy trial under the Sixth Amendment. Third, that the sentence imposed following his conviction upon retrial unconstitutionally penalized him for exercising his right to appeal from his first conviction.

Upon review of the record we find that appellant was not denied his statutory right to a speedy trial under the Speedy Trial Act, since his retrial occurred within 180 days. Nor was he denied his constitutional right to a speedy trial. We find this contention is without merit and note that substantial delays were occasioned by appellant's requests to change counsel. Moreover, appellant concedes that the delay "is not long enough to 'trigger immediate suspicion' of a violation of [his] right to a speedy trial." Appellant's Brief, at 9. Since the delay was not presumptively prejudicial the court need not consider the other factors which weigh in the balance in determining whether appellant was denied his constitutional right to a speedy trial. *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *United States v. Geelan,* 520 F.2d 585, 587 (9th Cir. 1976).

Upon his first conviction appellant was sentenced by Judge Plummer to a prison term of 12 years with special parole of three years to follow. While on bail pending appeal he was again indicted and convicted of possession with intent to distribute heroin and was sentenced by Judge Fitzgerald to a prison term of 15 years with special parole of 5 years to follow, the sentence to run concurrently with that previously imposed by Judge Plummer.

On September 27, 1976 this court reversed appellant's first conviction and remanded for a new trial. Appellant's retrial commenced on May 23, 1977 and he was convicted on May 27, 1977. On June 8, 1977 Judge Plummer sentenced appellant to a prison term of 12 years with special parole of five years to follow, the sentence to run *consecutively* to the sentence imposed by Judge Fitzgerald on June 8, 1976.

Appellant is now in custody serving his sentences.

Appellant contends that Judge Plummer's consecutive sentence following his retrial violated his constitutional rights. He

---

* Hon. Dudley B. Bonsal, Senior U.S. District Judge for the Southern District of New York, sitting by designation.

is now facing a cumulative prison term of 27 years, compared to 12 years when he was originally sentenced.

In *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1968) the Supreme Court considered the question of whether a more severe sentence may be imposed on a retrial following a successful appeal from the earlier conviction. Speaking for the Court, Mr. Justice Stewart reviewed earlier decisions of the Court including *United States v. Ball,* 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300; *United States v. Tateo,* 377 U.S. 463, 465, 84 S.Ct. 1587, 12 L.Ed.2d 448; and *Stroud v. United States,* 251 U.S. 15, 40 S.Ct. 50, 64 L.Ed. 103. The Court held that neither the double jeopardy provision nor the Equal Protection Clause imposes an absolute bar to a more severe sentence upon reconviction stating 395 U.S. at page 723, 89 S.Ct. at 2079: "A trial judge is not constitutionally precluded, * * *, from imposing a new sentence, whether greater or less than the original sentence, in the light of events subsequent to the first trial that may have thrown new light upon the defendant's 'life, health, habits, conduct and mental and moral propensities' *Williams v. New York,* 337 U.S. 241, 245, 69 S.Ct. 1079, 93 L.Ed. 1337."

However, with respect to the Due Process Clause of the Fourteenth Amendment the Court pointed out that it would be a flagrant violation for a trial judge to impose a heavier sentence upon every reconvicted defendant for the explicit purpose of punishing the defendant for his having succeeded in getting his original conviction set aside. The Court found due process not only requires that such vindictiveness play no part in the sentence he receives after a new trial but that the defendant should be freed of apprehension of such retaliatory motivation on the part of the sentencing judge.

To assure the absence of such a motivation the Court concluded that "whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reason for his doing so must affirmatively appear." *North Carolina v. Pearce, supra* 395 U.S. at 726, 89 S.Ct. at 2081.

We followed *North Carolina v. Pearce, supra,* in *United States v. Young,* 573 F.2d 1137 (9th Cir. 1978) where the district judge imposed a longer sentence as a result of information which did not come to light until after his second trial. We pointed out that *"Pearce* does require, however, when a more severe sentence is imposed after a new trial that the reasons for doing so affirmatively appear."

■ The sentence imposed by Judge Plummer following appellant's retrial was more severe than the sentence he imposed following appellant's first trial. Moreover, the record does not affirmatively show the reasons why the more severe sentence was imposed. Therefore, while we affirm the judgment of the district court in all other respects we remand to the district court for reconsideration of appellant's sentence imposed following his retrial.