**UNITED STATES of America,**
**Plaintiff-Appellant,**

**Harold Omar MACK,**
**Defendant-Appellee.**

**No. 81–1362.**

United States Court of Appeals,
First Circuit.

Argued Nov. 2, 1981.
Decided Jan. 27, 1982.

Robert B. Collings, First Asst. U. S. Atty., Chief, Criminal Division, Boston, Mass., with whom Edward F. Harrington, U. S. Atty., Boston, Mass., was on brief, for plaintiff-appellant.

Robert L. Sheketoff, Boston, Mass., with whom Norman S. Zalkind, Elizabeth A. Lunt, and Zalkind & Zalkind, Boston, Mass., were on brief, for defendant-appellee.

Before CAMPBELL, BOWNES, and BREYER, Circuit Judges.

BOWNES, Circuit Judge.

In this appeal the appellant United States argues that the district court erred in applying the sanctions of the Speedy Trial Act, 18 U.S.C. §§ 3161–3174 (Supp.1981) (the Act), to dismiss a four-count indictment to which the defendant pleaded not guilty following a mandate of this court vacating his original conviction and sentence and affording him the opportunity to plead anew. Specifically, the Government raises two closely related fundamental questions, whether the district court erred in holding that the time limits of 18 U.S.C. § 3161(i) and the dismissal sanction of § 3162 were applicable to the facts of this case. For the reasons set forth below, we reverse.

The facts are not in dispute. On December 19, 1977, defendant Harold Omar Mack was arrested on charges of transmitting threatening telephone calls in interstate commerce in violation of 18 U.S.C. §§ 875(b) & 1952. A complaint was filed on the same date, and on February 22, 1978, a four-count indictment was returned, charging: one count of violation of 18 U.S.C. § 875(b); two counts of violations of 18 U.S.C. § 875(d); and one count of violation of 18 U.S.C. § 1952. On June 26, 1978, defendant pleaded guilty to Count IV of the indictment. On July 14, 1978, the defendant was sentenced to five years imprisonment on Count IV, and the Government filed a dismissal of Counts I through III.

On July 28, 1979, defendant filed a motion attacking his conviction pursuant to 28 U.S.C. § 2255, on the grounds that the trial court failed to comply with Fed.R.Crim.P. 11 in accepting his guilty plea. The district court denied the motion on December 28, 1979, and defendant appealed. In an opinion dated December 3, 1980, this court reversed the district court's denial of the motion, holding that the district court had failed to comply with Rule 11, and ordered that the defendant be afforded an opportunity to plead anew. *Mack v. United States,* 635 F.2d 20, 27 (1st Cir. 1980). Mandate issued on December 22, 1980.

On January 14, 1981, defendant appeared before the district court to plead anew. Over defense counsel's objection, the district court reinstated Counts I, II and III of the indictment and defendant was arraigned on all four counts, pleading not guilty to each. After releasing defendant on $1,000 bail without surety, the district court allowed defense counsel until February 11, 1981, to brief the issue of whether the court had correctly reinstated the first three counts of the indictment, and scheduled a hearing on that issue for February 18, 1981. No brief was filed and there was no hearing on February 18.

A hearing was scheduled for April 15, 1981, for a change of plea. Approximately two hours before the hearing, defendant filed a motion to dismiss the indictment for lack of a speedy trial pursuant to 18 U.S.C. §§ 3161(e) & 3162(a)(2) and the sixth amendment of the United States Constitution. After hearing arguments by both parties and considering their respective memoranda, the district court on April 24, 1981, in a written opinion, allowed defendant's motion and dismissed the indictment with prejudice under § 3162 of the Act. The district court did not apply § 3161(e), which applies to trials following a mistrial, appeal or collateral attack, but held, that § 3161(i), which pertains to withdrawals of

guilty pleas, controlled. The court found that defendant was "deemed indicted ... within the meaning of section 3161 on the day the order permitting withdrawal of the plea becomes final." It therefore concluded that the defendant was deemed indicted on December 22, 1980, the date of the mandate of our opinion allowing defendant to plead anew. Noting that § 3162 imposes sanctions for failure to comply with time limits set forth in § 3161(c), which measures the time from indictment to trial, the court reasoned that the date of indictment for purposes of § 3161 must also be deemed to be the date of indictment under § 3162, and held that the dismissal sanction of § 3162 applied to this case.

We turn to an examination of the Act, which is more like a jigsaw puzzle with missing parts than a complete mosaic. Section 3161(c)(1) of the Act specifies time limits within which a defendant must be tried:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. If a defendant consents in writing to be tried before a magistrate on a complaint, the trial shall commence within seventy days from the date of such consent.

18 U.S.C. § 3161(c)(1) (Supp.1981). Failure to comply with these limits triggers the imposition of the sanction of dismissal of the information or indictment:

> If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant. The defendant shall have the burden of

proof of supporting such motion but the Government shall have the burden of going forward with the evidence in connection with any exclusion of time under subparagraph 3161(h)(3). In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice. Failure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section.

*Id.* § 3162(a)(2).[1] Section 3161(e) makes the § 3162 dismissal sanction expressly applicable for failure to commence within speedy trial time limits trials that follow a declaration of mistrial, an appeal or a collateral attack:

> If the defendant is to be tried again following a declaration by the trial judge of a mistrial or following an order of such judge for a new trial, the trial shall commence within seventy days from the date the action occasioning the retrial becomes final. If the defendant is to be tried again following an appeal or a collateral attack, the trial shall commence within seventy days from the date the action occasioning the retrial becomes final, except that the court retrying the case may extend the period for retrial not to exceed one hundred and eighty days from the date the action occasioning the retrial becomes final if unavailability of witnesses or other factors resulting from passage of time shall make trial within seventy days impractical. The periods of delay enumerated in section 3161(h) are excluded in computing the time limitations specified in this section. The sanctions of section 3162 apply to this subsection.

---

1. Section 3161(h) enumerates various periods of delay that are excludable in computing the time within which an information or indictment must be filed, or in computing the time within which the trial of any such offense must commence. *See generally* 18 U.S.C. § 3161(h)(1)–(8) (Supp.1981).

*Id.* § 3161(e). Section 3161(i), which applies time limits to cases in which the defendant withdraws a plea of guilty or nolo contendere, does not expressly provide for a § 3162 dismissal sanction, but this is made applicable by the "deemed indicted" language of the section:

If trial did not commence within the time limitation specified in section 3161 because the defendant had entered a plea of guilty or nolo contendere subsequently withdrawn to any or all charges in an indictment or information, the defendant shall be deemed indicted with respect to all charges therein contained *within the meaning of section 3161*, on the day the order permitting withdrawal of the plea becomes final.

*Id.* § 3161(i).

We first consider whether the district court erred in holding that § 3161(i) was applicable instead of § 3161(e). The legislative history of § 3161(i), scant as it is, leads us to conclude that in drafting and adopting this section Congress did not intend to address cases such as presented here. Section 3161(i) was enacted in response to a request by the Department of Justice. In a letter dated October 19, 1971, to Senator Ervin from then-Assistant Attorney General William H. Rehnquist, Mr. Rehnquist wrote:

Section 3161(b)(1) also fails to take into account the relative ease with which pleas of guilty may be withdrawn prior to sentence. In view of this fact, it is present practice not to dismiss counts to which no pleas are entered until after sentencing on the plea. Under section 3161(b)(1) a defendant could enter a plea of guilty on the 59th day after his arrest but because the preparation of a pre-sentence report may take approximately four weeks, should he subsequently change his mind and withdraw his plea of guilty there would be no possibility of prosecuting him on other counts which may not yet have been dismissed. Indeed, the proposed language makes it doubtful that after the expiration of the 60-day time period a defendant could even be prosecuted with respect to the charge to which he pleaded guilty but subsequently withdrew his plea of guilty.

This problem becomes especially acute in situations where the plea of guilty is entered pursuant to Rule 20 of the Federal Rules of Criminal Procedure. In such cases, should the defendant change his mind and withdraw his plea of guilty, he would have to be transferred to another district for trial. Obviously, this process could not be accomplished within the time period specified.

A. Partridge, *Legislative History of Title I of the Speedy Trial Act of 1974* (Fed. Judicial Center 1980) at 187.

And in explaining a proposed amendment to cover the situation, Mr. Rehnquist on October 19, 1971, wrote:

Section 3163(f) makes provision for cases involving the withdrawal of a plea of guilty or nolo contendere. Without a provision of this nature, a defendant could withdraw his plea after the expiration of the time limits and move for dismissal. Similarly, he could withdraw the plea late in the time limits and leave the Government with little time to prepare its case in order to meet the time limit. For these reasons, we think this provision is essential.

*Id.* at 188.

The 1974 Senate Committee Report 41-42 reveals that § 3161(i) was added to the bill precisely to cover the problem that Mr. Rehnquist raised:

Subsection 3161(i) provides that where a defendant pleads guilty and then withdraws his plea that the time limits commence again on the date the plea is withdrawn.

This provision, added at the suggestion of the Justice Department, takes into account the relative ease with which pleas of not guilty may be withdrawn prior to sentence. Under S. 895, without such a provision, it was possible for a defendant to enter a plea of guilty on the 59th day to one of several charges and wait several weeks, and then withdraw his plea before sentencing, thereby frus-

trating any prosecution on the other counts which might not yet have been dismissed. It was even possible under the original language that the Government would have been unable to prosecute the defendant with respect to the charge to which he pleaded guilty but subsequently withdrew the plea.

The Committee followed the Justice Department's proposed solution to this problem in providing that the time limits start all over again on the day that a withdrawal of a plea becomes final. Therefore, the day on which the defendant withdraws the plea is treated as the initiation of a legitimate subsequent prosecution. If a defendant pleads guilty to a charge on the 59th day after arrest and then withdraws his plea, the withdrawal of plea is treated as the first day of a new prosecution with 60 days remaining in which to try the defendant.

120 Cong.Rec. 41623 (1974).

Defendant argues that the use of the phrase "tried again" in § 3161(e) limits the section to those cases in which a successful collateral attack occurred following a conviction after trial rather than upon a guilty plea. It is true that the phrase in § (e), "if the defendant is to be tried again following an appeal or collateral attack," assumes conviction after trial. But the operative words of § (i) do not cover this situation either: "If trial did not commence ... because the defendant had entered a plea of guilty or nolo contendere subsequently withdrawn to any or all charges in an indictment or information." The defendant here did not "withdraw" his guilty plea within the meaning of Fed.R.Crim.P. 32(d).[2] Rather, the entire judgment was vacated and the defendant was permitted to "plead anew" after a successful collateral attack on his guilty plea conviction.

We do not think that the language of either §§ (e) or (i) can be applied to these facts without some distortion. This situation is simply not addressed directly by the Act. Nor is the case law helpful.[3] In the only case that touches on the problem, *United States v. Carreon*, 626 F.2d 528 (7th Cir. 1980), the court noted the difficulties inherent in applying either (e) or (i) when the conviction was based on a guilty plea rather than a trial. *Id.* at 532 n.6.

The answer to the conundrum, we think, lies in the legislative history of § (i), which was enacted for the sole purpose of covering the situation where a defendant pleads guilty and then withdraws his plea, and the absence of any statutory provision other than § (e) dealing with a successful collateral attack on a conviction. We do not think that the words "tried again" in § (e) was intended to exclude from its coverage cases involving a successful collateral attack upon a guilty plea conviction rather than after trial. We, therefore, rule that § 3161(e), not (i), was the applicable section.

---

2. Rule 32(d) provides:
   *Withdrawal of Plea of Guilty.* A motion to withdraw a plea of guilty or of nolo contendere may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.
   Fed.R.Crim.P. 32(d).

3. Other circuit courts of appeals that have applied § 3161(e) have done so in a retrial setting. *See United States v. Gilliss*, 645 F.2d 1269, 1275 n.14 (8th Cir. 1981) (§ 3161(e) controls when appellant's retrial occasioned by the granting of his motion to vacate sentence pursuant to 28 U.S.C. § 2255); *United States v. Young*, 593 F.2d 891, 892 (9th Cir. 1979) (applying time limits under § 3161(e) when retrial occasioned by reversal on appeal of original conviction); *United States v. Cook*, 592 F.2d 877, 878, 880 (5th Cir. 1979) (applying time limits under § 3161(e) to retrial following reversal on appeal of original conviction on procedural grounds); *United States v. Stulga*, 584 F.2d 142, 144, 146–47 (6th Cir. 1978) (applying § 3161(e) time limits when defendant retried following reversal of original conviction due to improper jury instructions given by trial judge); *cf. United States v. Herman*, 576 F.2d 1139, 1143–45 & nn.3–5 (5th Cir. 1978) (intimating that, although defendant failed to plead it, § 3161(i) applied when trial to be scheduled following court's approval of defendant's motion to withdraw guilty plea).

This determination does not end our inquiry, however. We must also decide whether the speedy trial time limits under § 3161(e) were exceeded, and, if so, whether the dismissal sanction of § 3162 applies.

Section 3161(e) provides that "[i]f the defendant is to be retried following an appeal or collateral attack, the trial shall commence within seventy days from the date the action occasioning the retrial becomes final...." 18 U.S.C. § 3161(e) (Supp. 1981). For computing speedy trial time limits, the date the "action occasioning retrial becomes final" has been construed to mean the date on which the mandate of the court of appeals becomes final. *United States v. Ross*, 654 F.2d 612, 616 (9th Cir. 1981); *see United States v. Gillis*, 645 F.2d at 1276 (Speedy Trial Act Guidelines suggest that date action occasioning retrial becomes final in cases on appeal is date district court receives mandate of appellate court). In this case the trial was not commenced within seventy days after this court's mandate became final. The critical question, therefore, is whether sanctions under § 3162 should apply.

In order to allow the judicial system and the Department of Justice adequate time to implement speedy trial standards, Congress initially enacted the Act in 1974 subject to a phase-in provision, whereby both the permanent speedy trial time limits and the dismissal sanctions would not take effect until July 1, 1979. *See* 18 U.S.C. § 3163(c), *prior to amendment by* Pub.L.No. 96–43, § 6, 93 Stat. 328–29, *reprinted in* 1974 U.S. Code Cong. & Ad. News 2413. *See generally* Partridge at 18–20. In 1979 Congress amended § 3163(c) to suspend implementation of the dismissal sanction for one additional year. As amended, § 3163(c) provides:

> Subject to the provisions of section 3174(c), section 3162 of this chapter shall become effective and apply to all cases commenced by arrest or summons, and all informations or indictments filed, on or after July 1, 1980.

18 U.S.C. § 3163(c) (Supp.1981).[4]

Neither Congress nor any federal appellate court has even obliquely suggested that the date the action occasioning retrial becomes final under § 3161(e) was intended to supersede the phase-in provisions of § 3163(c). Neither the statute itself, nor the legislative history contained in the congressional debates addresses this issue directly. The only reference to the problem is reprinted in the Senate debates on the 1979 Amendments of the Act:

> Indeed, the Committee believes that it can be fairly argued that § 3161(e) is *simply* the product of Congress' intent to

---

**4.** Section 3174(c) of title 18 provides:

(c)(1) If, prior to July 1, 1980, the chief judge of any district concludes, with the concurrence of the planning group convened in the district, that the district is prepared to implement the provisions of section 3162 in their entirety, he may apply to the judicial council of the circuit in which the district is located to implement such provisions. Such application shall show the degree of compliance in the district with the time limits set forth in subsections (b) and (c) of section 3161 during the twelve-calendar-month period preceding the date of such application and shall contain a proposed order and schedule for such implementation, which includes the date on which the provisions of section 3162 are to become effective in the district, the effect such implementation will have upon such district's practices and procedures, and provision for adequate notice to all interested parties.

(2) After review of any such application, the judicial council of the circuit shall enter an order implementing the provisions of section 3162 in their entirety in the district making application, or shall return such application to the chief judge of such district, together with an explanation setting forth such council's reasons for refusing to enter such order.

18 U.S.C. § 3174(c)(1) & (2) (Supp.1981). The time limits and sanctions in the Plan for Prompt Disposition of Criminal Cases adopted by the District of Massachusetts pursuant to 18 U.S.C. § 3165 (Supp.1981) also became effective on July 1, 1980. *See* District Court Plan at 11. The local plan sets forth time limits following an appeal, *id.* at 4(a)(2)(B); a collateral attack, *id.* at 4(a)(2)(C); and a withdrawal of guilty plea, *id.* at 4(d)(3). These provisions are virtually identical to those contained under 18 U.S.C. §§ 3161(e) & (i) (Supp.1981).

make it clear that retrials, like initial trials, are also subject to the sixty (60) day statutory limit—lest it be thought that the Act did not apply to retrials. 125 Cong.Rec. S8,015 (daily ed. June 19, 1979) (comment by Judicial Council Speedy Trial Act Coordinating Committee of the United States Court of Appeals for the Second Circuit) (emphasis added). This comment lends additional credence to our interpretation that § 3161(e) was adopted for purposes of measuring time limits, not to make cases originally filed before July 1, 1980, subject to sanctions.

We add that our conclusion regarding the nonapplicability of sanctions would remain the same even if a § 3161(i) were controlling. Section 3161(i) provides that a defendant who withdraws his guilty plea is "deemed indicted . . . on the day the order permitting a withdrawal of the plea becomes final." 18 U.S.C. § 3161(i) (Supp. 1981). We do not quarrel with the construction that, for purposes of calculating speedy trial limits, this date should be determined in the same fashion as the date the action occasioning retrial becomes final under § 3161(e). *See, e.g., United States v. Gillis*, 645 F.2d at 1275 n.14, 1276. As with § 3161(e), we find nothing in the statute nor the legislative history to indicate that § 3161(i) was intended to alter the phase-in provisions of § 3163(c).

By enacting § 3163(c) as amended, we perceive that Congress intended to create two classes of cases, those begun by arrest or the filing of an indictment *before* July 1, 1980, and those commenced *after* July 1, 1980, with sanctions to be applied only to cases in the latter group. We find no legislative intent to create exceptions to this rule by adopting either §§ 3161(e) or (i). Likewise, there is no indication that Congress intended to treat trials following successful collateral attacks or withdrawal of guilty pleas any differently than those that

follow an ordinary appeal in terms of the effective date after which sanctions would apply.[5] We believe that this construction preserves uniformity, consistency and predictability in applying speedy trial sanctions, and in that regard promotes the administration of criminal justice. No sound policy considerations to support a different construction have been brought to our attention.

■ We therefore hold that it is the date of the original arrest, indictment or information that determines whether § 3162 sanctions are applicable in speedy trial motions filed under either § 3161(e) or (i), notwithstanding that a subsequent date is used to compute speedy trial time limits. *See United States v. Budzyna*, 666 F.2d 666 (1st Cir. 1981), holding that the date of the original indictment, not that of a superseding indictment reciting essentially identical facts and charges, determined whether speedy trial sanctions were available.

■ Accordingly, we rule that the sanction of dismissal under § 3162 is inapplicable because the original indictment in this case was filed before July 1, 1980. It is therefore not necessary to address the Government's other arguments.

*The judgment of the district court is reversed and the case is remanded for further proceedings.*

---

5. We assume, as did the district court, that sanctions would not apply to cases originally filed before July 1, 1980, in which an appeal resulted in a new trial after that date. Not surprisingly, we have been unable to find any cases on this point.