**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Thomas Wesley BOND, Defendant–**
**Appellant.**

**No. 91–5617.**

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 13, 1991.

Decided Feb. 14, 1992.

Scott C. Cox, Asst. U.S. Atty., Stephen G. Frye, Asst. U.S. Atty. (argued and briefed), Louisville, Ky., for plaintiff-appellee.

Bart Adams, Louisville, Ky. (argued and briefed), for defendant-appellant.

Before KENNEDY and JONES, Circuit Judges, and CONTIE, Senior Circuit Judge.

CONTIE, Senior Circuit Judge.

Appellant Thomas Wesley Bond appeals the district court's denial of his motion to dismiss his indictment based on appellee's violation of his right to a speedy trial under the Speedy Trial Act 18 U.S.C. § 3161 and his subsequent conviction following a guilty plea to bank robbery.

## I.

On December 30, 1987 appellant Thomas Wesley Bond and Theresa Bell robbed a Louisville, Kentucky branch of the Future Federal Savings Bank. Appellant entered the bank, brandishing a .357 magnum revolver, and ordered all occupants to the floor. He fled with $10,677 across state lines to a hotel in New Albany, Indiana, where he was arrested. The grand jury subsequently indicted appellant for the armed robbery. The indictment charged appellant with two counts. Count 1 charged the appellant and Bell with bank robbery and with aiding and abetting bank robbery in violation of 18 U.S.C. § 2113(a). Count 2 charged them with armed bank robbery and aiding and abetting armed bank robbery in violation of 18 U.S.C. § 2113(d).

On December 20, 1988, appellant pleaded guilty to both counts in the indictment. On January 23, 1989 the case was passed for sentencing, and the United States informed the district court that, pursuant to a plea agreement, it would move for leave to dismiss Count 2, and that appellant would only plead guilty to Count 1 of the indictment. The district court then established a factual basis for the guilty plea on Count 1.

Subsequently, appellant learned that the Commonwealth of Kentucky might also prosecute him on the same charges. He therefore moved to withdraw his guilty plea, and the district court granted the motion.

After consultation between the United States and the Commonwealth, the Commonwealth agreed not to prosecute the appellant for the same crimes if he entered a plea of guilty to the federal charges. The appellant thereafter reentered his guilty pleas. The district court, however, failed to reestablish the factual basis for the guilty pleas.

Pursuant to another plea agreement, the United States moved on January 25, 1989 for leave to dismiss Count 2 of the indictment, which the district court dismissed on January 26, 1989. On January 26, 1989, the district court sentenced the appellant to 240 months in prison on Count 1. The appellant was incarcerated in the federal prison at Leavenworth, Kansas.

On April 16, 1990, appellant filed a writ of habeas corpus, seeking to vacate his sentence, pursuant to 28 U.S.C. § 2255. On May 9, 1990 the district court granted appellant's motion, concluding that its failure to reestablish the factual basis for appellant's guilty plea on Count 1 required vacation of his sentence. The court ordered appellant to be returned to the Western District of Kentucky "for further proceedings, at which time he may plead anew."

On June 14, 1990, appellant entered pleas of not guilty to both counts of the indictment. The district court set an August 2, 1990 trial date. On July 31, 1990, appellant moved to dismiss the indictment, alleging that the court's August 2, 1990, trial date violated his rights to a speedy trial under the Speedy Trial Act 18 U.S.C. § 3161 *et seq.* More specifically, appellant alleged that the Speedy Trial Act required that appellant be brought to trial within seventy days of May 9, 1990 (the date that the district court vacated his earlier plea). Since the August 2 trial date was not within seventy days of the May 9 order, appellant contended that the indictment should be dismissed. The district court concluded that the motion affected the jurisdiction of the court, and therefore remanded the matter from the August 2, 1990 trial calendar.

On September 24, 1990, the district court ruled that "18 U.S.C. § 3161(h)(1)(H) extends by 10 days the seventy day period within which the defendant must be brought to trial." Joint Appendix at 83. "Thus, at the time the defendant's motion to dismiss was filed, the time had not expired." *Id.* Accordingly, the district court denied the appellant's motion to dismiss.

On March 19, 1991, the appellant entered a guilty plea to Count 1 of the indictment. Pursuant to a Rule 11(a)(2) plea agreement, appellant preserved his right to appeal the district court's denial of his motion to dismiss under the Speedy Trial Act. On April 30, 1991 the United States moved to dismiss Count 2 of the indictment. On May 6,

1991, the district court entered a Judgment and Commitment Order dismissing Count 2 of the indictment and sentenced appellant to 240 months in prison. The appellant filed a timely notice of appeal on May 16, 1991.

## II.

Appellant contends that the district court erred by not starting the computation of the limitations period under the Speedy Trial Act on May 9, 1990, the date when the district court first vacated appellant's guilty plea. As such, appellant argues, the district court incorrectly concluded that the August 2, 1990 trial date fell within the seventy day period within which a defendant must be tried. Conversely, the government essentially agrees with the district court's application of the Speedy Trial Act, and argues that even if this court were to adopt appellant's reading of the Speedy Trial Act, and begin counting the seventy day limitations period from May 9, 1990, certain tolling provisions prevented the limitations period from expiring prior to the August 2 trial date.

■ The resolution of this dispute turns on an interpretation of the provisions of the Speedy Trial Act (the "Act") 18 U.S.C. § 3161 *et seq.*, a literal reading of which does not precisely answer the question presented by the parties here. In general, the Act specifies time limits within which a defendant must be tried. Section 3161(c)(1) provides:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). Failure to comply with these limitations allows the district court to dismiss the charges with or without prejudice, depending on the presence or

absence of factors set forth in the statute. 18 U.S.C. § 3162(a)(2).

Section 3161(e) makes the section 3162 dismissal sanction applicable only to retrials which do not commence within seventy days of a declaration of mistrial, an appeal or a collateral attack on the validity of a prior trial. This subsection states, in pertinent part:

> If the defendant is to be tried again following a declaration by the trial judge of a mistrial or following an order of such judge for a new trial, the trial shall commence within seventy days from the date the action occasioning the retrial becomes final. If the defendant is to be tried again following an appeal or a collateral attack, the trial shall commence within seventy days from the date the action occasioning the retrial becomes final.... The periods of delay enumerated in section 3161(h) are excluded in computing the time limitations specified in this section. The sanctions of section 3162 apply to this subsection.

18 U.S.C. § 3161(e).

Similarly, section 3161(i) applies in equal fashion to cases in which the defendant withdraws a plea of guilty. Section 3161(i) states:

> If trial did not commence within the time limitation specified in section 3161 because defendant had entered a plea of guilty ... subsequently withdrawn to any and all charges in an indictment or information, the defendant shall be deemed indicted with respect to all charges therein contained within the meaning of section 3161, on the day the order permitting withdrawal of the plea becomes final.

18 U.S.C. § 3161(i).

Based on a literal reading of the above provisions of the Speedy Trial Act, it is clear that Congress did not specifically contemplate cases where a defendant's guilty plea was later vacated by the trial court. In such cases, a defendant has never gone through trial, hence section 3161(e)'s protection of a defendant's rights on retrial do not apply because a defendant who has never been tried cannot later be *retried.*

Likewise, read strictly, section 3161(i) applies only to situations where the defendant withdraws a guilty plea, and not where, as here, the trial court vacates his prior plea agreement. Thus, we must look beyond the plain wording of the Act to discern how it is to be applied to guilty pleas later vacated on collateral attack.

This circuit has not yet spoken with respect to the application of the Speedy Trial Act to cases where a defendant's guilty plea is later vacated collaterally by the trial court. However, the First Circuit did address this precise question in *United States v. Mack*, 669 F.2d 28 (1st Cir.1982), and we find its reasoning to be sound. In *Mack*, the court relied on the legislative history in concluding that section 3161(e) and not 3161(i) applies to cases where a defendant's guilty plea agreement is vacated. The court noted that Congress intended for section 3161(i) to prevent a defendant from entering a "plea of guilty on the 59th day to one of several charges and wait several weeks, and then withdraw his plea before sentencing, thereby frustrating any prosecution on the other counts which might not yet have been dismissed." *Mack*, 669 F.2d at 31–32 (quoting 120 CONG.REC. 41623 (1974)). Since this problem is not presented in cases where the court vacates a guilty plea, the *Mack* court concluded that section 3161(i) did not apply to cases of this type. Instead, the court reasoned that section 3161(e) is more appropriately applied to situations where a defendant's guilty plea is later vacated by a district court on habeas review. The court did "not think that the words 'tried again' in § 3161(e) was intended to exclude from its coverage cases involving a successful collateral attack upon a guilty plea conviction rather than after trial." *Mack*, 669 F.2d at 32. The reasoning of *Mack* appears to be in accord with the policy behind the Speedy Trial Act and therefore we believe it should be followed by this circuit.[1]

The decision of whether to follow section 3161(e) or (i) is significant because such a determination will control the date on which the Act's limitations period begins to run. Appellee argues that section 3161(i) should apply, and that the time limitation should not start running until June 14, 1991, the date when appellant actually pleaded anew. Whether or not this interpretation has merit is not important because, as concluded above, section 3161(e) properly applies in cases where the trial court vacates a guilty plea. Therefore, we must address the question of when the Speedy Trial clock starts running under section 3161(e).

■ Section 3161(e) states that the seventy day period shall begin running from "the date the action occasioning retrial becomes final." Appellee argues that the computation of time should begin only once the district court set the case for trial on June 14, 1990 as that was the date most analogous to a retrial order. However, this argument is not supported by the caselaw, which, in fact points to an earlier date. In *United States v. Lasteed*, 832 F.2d 1240, 1242 (11th Cir.1987), *cert. denied*, 485 U.S. 1022, 108 S.Ct. 1578, 99 L.Ed.2d 893 (1988), the court noted that the circuits are split as to when to begin counting the limitations period under section 3161(e). It recognized that, in the context of an appeal of an earlier trial court decision, the circuits have agreed that the operative date is either the date that the court of appeals' decision ordering retrial is released, *United States v. Felton*, 811 F.2d 190, 198 (3rd Cir.), *cert. denied*, 483 U.S. 1008, 107 S.Ct. 3235, 97 L.Ed.2d 740 (1987); *United States v. Robertson*, 810 F.2d 254, 259 (D.C.Cir.1987); *United States v. Rush*, 738 F.2d 497, 509 (1st Cir.1984), *cert. denied*, 470 U.S. 1004, 105 S.Ct. 1355, 84 L.Ed.2d 378 (1985); *United States v. Ross*, 654 F.2d 612, 616

---

1. The concurrence suggests that section 3161(i) is more appropriately applied to cases such as the present one. While we acknowledge that section 3161(e)'s "tried again" language does not perfectly conform to cases where a guilty plea is later vacated, the same can be said of section 3161(i). A guilty plea vacated by a district court is not "withdrawn," and thus does not implicate the concerns which Congress had in mind when drafting section 3161(i). Therefore, we find that the policy behind section 3161(e), as well as the case law, more persuasively supports the application of section 3161(e) to cases such as the one presented before us.

(9th Cir.1981), *cert. denied*, 455 U.S. 926, 102 S.Ct. 1290, 71 L.Ed.2d 470 (1982); *United States v. Russo*, 550 F.Supp. 1315, 1319 (D.N.J.1982), *aff'd*, 722 F.2d 736 (3d Cir.1983), *cert. denied*, 464 U.S. 1045, 104 S.Ct. 716, 79 L.Ed.2d 179 (1984), or the date when the district court received the court of appeals' mandate that retrial is necessary, *United States v. Crooks*, 804 F.2d 1441, 1445 (9th Cir.1986); *United States v. Ferris*, 751 F.2d 436, 438–39 (1st Cir.1984); *United States v. Gilliss*, 645 F.2d 1269, 1276 (8th Cir.1981). Analogizing these cases to the facts of our case, we must conclude that the date that the limitations period begins to run is May 9, 1990, the date that the district court vacated the appellant's guilty plea. Since, in this context, the date when the order was issued and the date when it was received by the district court was one in the same, we conclude that May 9, 1990 is the date on which we must begin our application and analysis of the Speedy Trial Act.

■ Appellee argues that even if the Act begins to run on the date that the district court granted appellant's habeas petition and ordered further proceedings, the seventy day limitations period was tolled for a sufficient length of time to avoid any Speedy Trial Act violation. In particular, appellee points to section 3161(h)(1)(H) which provides that the seventy day period will be tolled during any delay caused by "the transportation of [the] defendant from another district, ... except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed unreasonable." 18 U.S.C. § 3161(h)(1)(H). In this case, section 3161(h)(1)(H) would entitle appellee to a ten day suspension of the seventy day period in order to facilitate the transportation of appellant from Leavenworth back to the district court.

Appellant argues, however, that this ten day extension should not apply because it, in fact, took 27 days to transfer appellant back to district court, and section 3161(h)(1)(H) deems any period over ten days as presumptively unreasonable. We disagree with appellant's interpretation. Section 3161(h)(1)(H) merely states that no more than ten days will be excluded, even if the actual transportation of the defendant exceeds ten days. Therefore, we hold that appellee should benefit from the ten day tolling provision of section 3161(h)(1)(H), thereby setting the initial date for the computation of time under the Act at May 19, 1990.

■ Furthermore, appellee contends that this ten day extension is enlarged by Fed. R.Crim.P. 45(a) which excludes Saturdays, Sundays and legal holidays from any time limitation less than eleven days. We agree. In *United States v. Edgecomb*, 910 F.2d 1309 (6th Cir.1990), the Sixth Circuit applied this rationale to a similar fact situation, thereby extending the original ten day period. *Id.* at 1315. Because there were two Saturdays and two Sundays in this ten day period, section 3161(h)(1)(H) tolled the Speedy Trial Act until May 23, 1990.

■ Taking May 23, 1990 as our starting point for computing the time prescribed by the Speedy Trial Act, we recognize that the August 2, 1990 trial date falls outside of the seventy day limitations period. Nevertheless, we find that the Speedy Trial Act was not violated because the August 2, 1990 trial date is not the date to which we must look. This is because appellant, on July 31, 1990, filed a motion with the district court raising his speedy trial claim for the first time. According to 18 U.S.C. § 3161(h)(1)(F) "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on ... such motion" shall be excluded in computing the limitations period. Because at the time appellant's motion to dismiss was filed, the seventy day limitations period had not expired, the Speedy Trial Act was tolled beyond the challenged August 2, 1990 trial date. Thus, the Speedy Trial Act was not violated.

### III.

For the foregoing reasons, the decision of the district court is AFFIRMED.

**KENNEDY, Circuit Judge, concurring.**

I concur in the result reached in the opinion of the majority, but write separately to express my view that 18 U.S.C. § 3161(i) applies to this case.

The majority concludes that 18 U.S.C. § 3161(e) is applicable to cases in which a defendant's guilty plea is withdrawn by the court after a defendant has successfully collaterally attacked his plea. I disagree. A literal reading of section 3161(e) indicates that section 3161(e) does not apply in that instance. Section 3161(e) measures the time limitation when a "defendant is to be tried again." The defendant in this case cannot be tried again because he has never been tried. Section 3161(e) applies when a defendant is to be retried following a collateral attack on his prior trial, but section 3161(e) does not apply to a collateral attack of a guilty plea because no trial has occurred.

In cases where a guilty plea is collaterally attacked, I believe that section 3161(i) is the appropriate section to measure compliance with the Speedy Trial Act. Section 3161(i) provides for calculation of the speedy trial time limitation in situations where a defendant has "entered a plea of guilty or nolo contendere subsequently withdrawn." This language encompasses situations in which a guilty plea is successfully collaterally attacked. The relief sought in such cases is to withdraw or vacate the guilty plea. Thus, section 3161(i) is the appropriate measure of the speedy trial time limitation in cases of collateral attack on a guilty plea. In this case, defendant entered a guilty plea on January 23, 1990. That plea was withdrawn on May 9, 1990 when the District Court vacated defendant's sentence and permitted withdrawal of defendant's guilty plea pursuant to defendant's section 2255 motion. In accordance with section 3161(i), the defendant is deemed indicted and the speedy trial time limitation began on the · day the May 9, 1990 order became final.

Neither the Speedy Trial Act nor its legislative history define when an order becomes final. *See* A. Partridge, *Legislative History of Title I of the Speedy Trial Act of 1974* (Fed.Judicial Center 1980) 186–188. The Supreme Court has determined that a judgment is final when "the availability of appeal has been exhausted or has lapsed," *Bradley v. Richmond School Board,* 416 U.S. 696, 711 n. 14, 94 S.Ct. 2006, 2016 n. 14, 40 L.Ed.2d 476 (1974), and an order likewise should become final at that time. Therefore, the District Court's order became final when the time for an appeal by the government expired. The Federal Rules of Appellate Procedure govern an appeal of an order granting a section 2255 motion. *See* 28 U.S.C. § 2242. Fed. R.App.P. 4 requires the government to file an appeal within sixty days after entry of a judgment.[1] Thus, pursuant to Rule 4, the May 9, 1990 order became final sixty days later and defendant was deemed to be indicted on that date for purposes of calculating the speedy trial time limitation. The seventy-day speedy trial time limitation would not have expired as of August 2, 1990, defendant's trial date.

Accordingly, I would affirm the District Court.

**NATHANIEL R. JONES, Circuit Judge, concurring.**

Bond contends that his right to a speedy trial was violated by the government's failure to prosecute him within the seventy-day limit prescribed by the Speedy Trial Act. I agree with my colleagues that Bond's statutory right to a speedy trial was not violated, but I write separately to express my differing rationale.

To address Bond's claim, we must first determine the date on which the seventy-day period began to run. No provision of the Speedy Trial Act specifically addresses when the seventy-day period begins to run following successful collateral attacks on guilty pleas. Two different provisions

---

**1.** In *United States v. Gilliss,* 645 F.2d 1269 (8th Cir.1981), the Eighth Circuit held that an order occasioning a retrial became final ten days after entry of the order when the time for post-judgment motions expired. I fail to understand how the Eighth Circuit selected this ten-day period, and believe that an order becomes final when the time to appeal has expired.

could potentially apply. Section 3161(e) applies to retrial or new trial and provides as follows:

> If the defendant is to be tried again following a declaration by the trial judge of a mistrial or following an order of such judge for a new trial, the trial shall commence within seventy days from the date the action occasioning the retrial becomes final. If the defendant is to be tried again following an appeal or a collateral attack, the trial shall commence within seventy days from the date the action occasioning the retrial becomes final....

18 U.S.C. § 3161(e) (1988). On the other hand, § 3161(i) applies to withdrawal of guilty pleas and provides as follows:

> If trial did not commence within the time limitation specified in section 3161 because the defendant had entered a plea of guilty or nolo contendere subsequently withdrawn to any or all charges in an indictment or information, the defendant shall be deemed indicted with respect to all charges therein contained within the meaning of section 3161, on the day the order permitting withdrawal of the plea becomes final.

18 U.S.C. § 3161(i) (1988).

The district court's May 9, 1990 order clearly did not grant Bond a trial; rather, it recognized that his guilty plea was improperly entered. Thus, the "action occasioning the retrial" should be literally interpreted to mean the court's June 14, 1990 order setting a date for the trial. This interpretation construes the two sections harmoniously, because June 14, 1990 is also the date that Bond's guilty plea was, in a sense, "subsequently withdrawn." Nonetheless, I agree with the First Circuit that § 3161(e) should govern this case; faced with a similar situation, that circuit reasoned as follows:

> The answer to the conundrum, we think, lies in the legislative history of

§ (i), which was enacted for the sole purpose of covering the situation where a defendant pleads guilty and then withdraws his plea, and the absence of any statutory provision other than § (e) dealing with a successful collateral attack on a conviction. We do not think that the words "tried again" in § (e) was [sic] intended to exclude from its coverage cases involving a successful collateral attack upon a guilty plea conviction rather than after trial. We, therefore, rule that § 3161(e), not (i), was the applicable section.

*United States v. Mack*, 669 F.2d 28, 32 (1st Cir.1982).

I find additional support for choosing June 14, 1990 over May 9, 1990 in the following passage from a Ninth Circuit case:

> Appellants argue that the twenty-eight day period between the dismissal of the jury in the first trial and the entry on October 24, 1983, of the order setting their retrial should be included in calculating the speedy trial period. This argument is meritless. The district court's order, not the dismissal of the jury, constituted the action occasioning the new trial. Thus, the first day of the seventy day period prescribed by 18 U.S.C. § 3161(e) would have been October 25, 1983, except that appellants filed a notice of interlocutory appeal on that day.

*United States v. Crooks*, 804 F.2d 1441, 1445 (9th Cir.1986). Similarly, I would not include the period from May 9 to June 14.[1] Thus, I conclude in the instant case that the first day of the speedy trial period was June 15, 1990. August 2, 1990 is within that seventy-day period; therefore, the August 2 trial date did not violate the Speedy Trial Act.

---

1. Although it might at first seem odd that the statute would leave a "gap," this gap is no different than the time period between initial indictment and entrance of plea. Additionally, Bond might very well have pleaded guilty on June 14, if for example, the government had offered a more advantageous plea bargain than it offered at the time of Bond's first guilty plea. This hypothetical factual scenario highlights the anomaly of holding that the speedy *trial* period begins to run before anyone is even certain that there will, in fact, be a trial.