983 F.2d 1068
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gerald C. ALEXANDER, Defendant-Appellant.
 No. 91-2210.
 United States Court of Appeals, Sixth Circuit.
 Dec. 8, 1992.
 
 Before KEITH, NATHANIEL P. JONES and BOGGS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant, Gerald Charles Alexander ("Alexander"), appeals his conviction and sentence imposed following his guilty plea to a charge of kidnapping for the purpose of engaging in a sexual act by force, in violation of 18 U.S.C. § 1201. The district court imposed a sentence of 120 months imprisonment followed by five years of supervised release. For the reasons stated below, we AFFIRM the conviction and sentence.
 
 I.
 
 2
 Alexander's principal challenge to his conviction and sentence arises under the Speedy Trial Act. 18 U.S.C. § 3161 (1982). Because of the time sensitive nature of such a challenge, a detailed exposition of the proceedings below is necessary. Accordingly, a timeline of the proceedings in this case follows.
 
 
 3
 April 19, Alexander is arraigned on a three-count indictment: aggravated
 
 
 4
 1990" sexual abuse, kidnapping and aggravated assault in violation of
 
 
 5
 18 U.S.C. §§ 2241, 1201, and 113(c), respectively.
 
 
 6
 May 4, Alexander moved for an extension of time to file pretrial motions.
 
 
 7
 1990"
 
 
 8
 May 18, Alexander filed a second motion for extension of time to file
 
 
 9
 1990" pretrial motions.
 
 
 10
 May 25, Alexander filed three defense motions: a motion to dismiss, a
 
 
 11
 1990" motion to suppress his prior record, and a motion to suppress
 
 
 12
 statements.
 
 
 13
 June 8, The government responded to Alexander's motions.
 
 
 14
 1990"
 
 
 15
 June 11, A hearing on the motion took place before Magistrate Judge Timothy
 
 
 16
 1990" Greeley.
 
 
 17
 June 15, Magistrate Greeley issued his report recommending that Alexander's
 
 
 18
 1990" statements be suppressed but that the other motions should be
 
 
 19
 denied.
 
 
 20
 June 25, The government filed objections to the Magistrate's report and
 
 
 21
 1990" recommendation.
 
 
 22
 July 2, Alexander filed his response to the government's objection and
 
 
 23
 1990" filed two additional motions: motion to continue trial and
 
 
 24
 petition to hire a private investigator.
 
 
 25
 July 3, The district court filed an order adopting the Magistrate's report
 
 
 26
 1990" and recommendation.
 
 
 27
 July 5, The district court denied both of Alexander's July 2d motions.
 
 
 28
 1990"
 
 
 29
 July 6, The government filed a motion to stay the proceedings to file an
 
 
 30
 1990" interlocutory appeal challenging the suppression of Alexander's
 
 
 31
 statements.
 
 
 32
 July 25, While the government's appeal was pending, Alexander renewed his
 
 
 33
 1990" request to hire a private investigator. This request was granted
 
 
 34
 in the fall of 1990.
 
 
 35
 February This Court heard oral arguments concerning the district court's
 
 
 36
 8, 1991" suppression of Alexander's statements. Pursuant to Rule 19, the
 
 
 37
 panel ruled from the bench affirming the district court's
 
 
 38
 decision.
 
 
 39
 March 18, This Court issued its mandate returning jurisdiction to the
 
 
 40
 1991" district court.
 
 
 41
 April 1, This Court's mandate was filed along with the record with the
 
 
 42
 1991" district court.
 
 
 43
 April 19, Magistrate Judge Greeley conducted a status conference call with
 
 
 44
 1991" the parties to this proceeding. During the conversation, the
 
 
 45
 Magistrate was informed that Alexander's attorney had not yet
 
 
 46
 retained a private investigator. Alexander's counsel informed the
 
 
 47
 district court that it would file a pretrial motion to dismiss.
 
 
 48
 The government also advised the district court that one of its
 
 
 49
 primary witnesses would be unavailable during the first two weeks
 
 
 50
 of July 1991.
 
 
 51
 April 22, The district court entered an order setting the date for trial on
 
 
 52
 1991" July 22, 1991. The court also entered an "ends of justice"
 
 
 53
 continuance until the trial date based upon the April 19th
 
 
 54
 conference call. The court stated:
 
 
 55
 On April 19, 1991, Magistrate Judge Timothy P. Greeley conducted a conference pursuant to Fed.R.Crim.P. 17.1. During that conference, defense counsel advised that he had not yet retained a private investigator as authorized by this court's letter of November 19, 1990. Counsel requested a brief period of time to retain the private investigator so that he could adequately prepare for trial. He also requested an opportunity to file a pre-trial motion on or before April 26, 1991. The Government agreed to file its response to that motion on or before May 7, 1991.
 
 
 56
 In addition, the Government informed the court that one of its primary witnesses would not be available during the first half of July, 1991.
 
 
 57
 In light of the foregoing, the court concludes that trial within seventy days would be impractical, and that the ends of justice served by the continuance outweigh the best interest of the public and the defendant in a speedy trial. See, 18 U.S.C. § 3161(d)(2), (h)(8).
 
 
 58
 April 26, Alexander filed a motion to dismiss the indictment for violation of
 
 
 59
 1991" the Speedy Trial Act.
 
 
 60
 May 9, The government filed its response to Alexander's motion.
 
 
 61
 1991"
 
 
 62
 June 19, Alexander petitioned to withdraw the motion.
 
 
 63
 1991"
 
 
 64
 June 25, The district court permitted Alexander to withdraw the motion.
 
 
 65
 1991"
 
 
 66
 July 12, Alexander filed a second motion to dismiss for violation of the
 
 
 67
 1991" Speedy Trial Act.
 
 
 68
 July 19, The district court entered an opinion and order denying the
 
 
 69
 1991" defendant's motion to dismiss.
 
 
 70
 July 22, Alexander and the government entered a plea agreement in which
 
 
 71
 1991" Alexander pled guilty to kidnapping and agreed to a sentence of
 
 
 72
 ten years. The plea agreement also preserved the denial of his
 
 
 73
 motion to dismiss pursuant to the Speedy Trial Act.
 
 
 74
 July 23, Alexander filed a motion in the district court to reconsider the
 
 
 75
 1991" denial of his Speedy Trial Act motion requesting a dismissal of
 
 
 76
 the indictment with prejudice.
 
 
 77
 August 2, The government responded to Alexander's motion for reconsideration.
 
 
 78
 1991"
 
 
 79
 August 9, The district court denied the motion to reconsider. The court
 
 
 80
 1991" stated further that even if the Speedy Trial Act had been
 
 
 81
 violated the district court would not dismiss the case with
 
 
 82
 prejudice.
 
 
 83
 October 7, The district court sentenced Alexander to 120 months imprisonment,
 
 
 84
 1991" followed by five years of supervised release.
 
 
 85
 October The defendant made a timely appeal.
 
 
 86
 11,
 
 
 87
 1991"
 
 II.
 
 88
 In United States v. Mentz, 840 F.2d 315 (6th Cir.1988), this Court observed that:
 
 
 89
 The Speedy Trial Act, 18 U.S.C. §§ 3161-74 (1982) requires that the accused be brought to trial within 70 days from the filing of the information or indictment, or from the date he first appears before a judicial officer of the court in which the charge against him is pending, whichever date last occurs. 18 U.S.C. §§ 3161(c)(1) (1982). The harshness of this strict deadline is mitigated by section 3161(h), which excludes certain periods from the 70-day calculation. S.Rep. No. 212, 96th Cong., 1st Sess. 9 (1979) (Congress saw the need to "build into [the Act's] fixed limits sufficient flexibility to make compliance with them a realistic goal"). See also United States v. Richmond, 735 F.2d 208, 211 (6th Cir.1984).
 
 
 90
 Id. at 325 (footnote omitted). The purpose of the Speedy Trial Act "is to quantify and make effective the Sixth Amendment right to a speedy trial." United States v. Robinson, 887 F.2d 651, 656 (6th Cir.1989).
 
 
 91
 Alexander challenges the district court's application and interpretation of the Speedy Trial Act. He also challenges the district court's grant of the April 22, 1991, continuance. Because seventy statutorily-defined nonexcludable days did not pass between the indictment and the day scheduled for trial, we AFFIRM the district court's dismissal.
 
 A.
 
 92
 We review the district court's interpretation of the Speedy Trial Act de novo. United States v. Robinson, 887 F.2d 651, 656 (6th Cir.1989). Alexander makes several discrete challenges to the district court's applications of the Speedy Trial Act on this appeal. We address each contention seriatim below.
 
 
 93
 The date of arraignment is excluded for purposes of the Speedy Trial Act. United States v. Mentz, 840 F.2d 315, 326 (6th Cir.1988). We also note that the date on which a motion is filed is also excluded under the Act. United States v. Bond, 956 F.2d 628, 632 (6th Cir.1992).
 
 
 94
 Alexander first argues that his motions for extension of time to file pretrial motions (filed on May 4 and May 18) are merely "housekeeping" motions that are granted as a matter of course. See United States v. Crane, 776 F.2d 600, 605 (6th Cir.1985). The Crane court stated that a defense counsel's failure to comply "with certain pretrial orders requiring him to submit lists of trial exhibits and witnesses to the District Court" were "housekeeping orders" that do not toll the running of the Speedy Trial Act. Id. The Court also cautioned against allowing the defense to "sandbag" the trial court with delaying tactics. Id. The government counters that Alexander may not move for a delay in the proceedings and simultaneously get the benefit of that delay for purposes of the Speedy Trial Act.
 
 
 95
 As noted in Crane, "[o]ne weakness of the Speedy Trial Act is that it tempts defense counsel to 'sandbag' the trial judge" without tolling the statute. The potential for this abuse is duly noted by this court. Moreover, Alexander's motions for extension are not the types of housekeeping orders referenced by this Court in Crane. Accordingly, the May 4, 1990, motion for extension of time tolled the running of the statute. Fourteen (14) days had passed for purposes of the Act while that motion was pending.
 
 
 96
 The time that expires while a motion is pending is also excluded for purposes of the Speedy Trial Act. See 18 U.S.C. § 3161(h)(1)(F) ("delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion"). The district court adopted the Magistrate's report and recommendation on July 3, 1990. The clock would have started to run on July 4. Alexander, however, filed additional motions on July 2, 1990, that remained unresolved until July 5, 1990, when the court denied these motions without requiring a response from the government.
 
 
 97
 The government filed leave for an interlocutory appeal from the district court's suppression order on July 6, 1990. Accordingly, once the matter was before this Circuit, the case passed from the jurisdiction of the district court. 18 U.S.C. (h)(1)(E) ("delay resulting from any interlocutory appeal"). This Circuit heard oral arguments on February 8, 1991, and issued its mandate on March 18, 1991, returning jurisdiction to the district court. On April 1, 1991, the clerk of the district court filed this Court's mandate.
 
 
 98
 Alexander next contends that the March 18, 1991, issuance of the mandate once again starts the Speedy Trial Act. The government counters that the clock does not restart until the district court has received and filed the mandate. We have recognized that a split of authority does exist, but this Court has not yet addressed the question. United States v. Bond, 956 F.2d 628, 632 (6th Cir.1988). Three of our sister circuits have held that the clock restarts on the day that the mandate issues. See United States v. Crooks, 826 F.2d 4, 5 (9th Cir.1987); United States v. Felton, 811 F.2d 190, 198 (3d Cir.) (en banc), cert. denied, 483 U.S. 1008 (1987); United States v. Robertson, 810 F.2d 254, 259 (D.C.Cir.1987). Conversely, two circuits have held that the date that the mandate is received and filed by the district court is determinative for Speedy Trial Act purposes. United States v. Lasteed, 832 F.2d 1240, 1243 (11th Cir.1987), cert. denied, 485 U.S. 1022 (1988); United States v. Long, 900 F.2d 1270, 1276 (8th Cir.1990).
 
 
 99
 This Court finds the Eighth Circuit rationale in Long persuasive. The Eighth Circuit observed in Long that "[t]he district court is unable to proceed to trial until it has received the appellate court's mandate." Long, 900 F.2d at 1276. This approach properly examines when the district court can proceed towards trial following appellate intervention. Accordingly, April 1, 1991, is the date on which the nonexcludable time again began to run under the Act.
 
 
 100
 Twenty-two additional excludable days accrued between the filing of the mandate and the district court's grant of the "ends of justice" continuance on April 22, 1991. At this point, thirty-five (35) nonexcludable days had passed for purposes of the Speedy Trial Act.
 
 
 101
 The April 22 continuance order tolled the Speedy Trial Act. The continuance was granted in accordance with 18 U.S.C. § 3161(h)(8)(A) until the date set for trial, July 22, 1991. Assuming that the ends of justice continuance was improvidently granted, this Court will determine whether the total number of nonexcludable days between April 22 and July 22, absent the continuance, will give rise to a violation of the Speedy Trial Act.
 
 
 102
 On April 26, 1991, Alexander filed a motion to dismiss for violation of the Speedy Trial Act. Three additional days elapsed before this motion was filed bringing the total nonexcludable days to thirty-eight (38). See 18 U.S.C. § 3161(h)(1)(F). The briefing period on this motion, however, was cut short when the district court allowed Alexander to withdraw his motion on June 25, 1991.
 
 
 103
 Sixteen additional days elapsed before Alexander renewed his motion to dismiss on July 12, 1991. This brought the number of nonexcludable days for Speedy Trial Act Purposes to fifty-four (54).
 
 
 104
 The second motion to dismiss tolled the Speedy Trial Act until the district court denied Alexander's motion to dismiss on July 19, 1991. On July 22, 1991, after two additional days had passed for purposes of the Speedy Trial Act, the case was scheduled to begin trial. Alexander entered the plea agreement which led to the conviction and sentence at issue in this case on July 22. At this point, assuming the ends of justice continuance was improper, only fifty-six (56) nonexcludable days had indeed elapsed. Thus, no Speedy Trial Act violation has occurred.
 
 B.
 
 105
 The Sixth Circuit has committed the decision to grant a continuance to the sound discretion of the district court as long as it states permissible reasons for granting the delay. United States v. Monger, 879 F.2d 218, 221 (6th Cir.), cert. denied, 110 S.Ct. 552 (1989). Our limited review of the district court's decision to grant a continuance is for abuse of discretion. See id. Reversal of the district court's action requires a showing of actual prejudice by the defendant. Id. Moreover, the Speedy Trial Act states in relevant part:
 
 
 106
 Any period of delay resulting from a continuance granted by any judge on his own motion or at the request ... of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.
 
 
 107
 18 U.S.C. § 3161(h)(8)(A).
 
 
 108
 As required by the statute, the district court did affirmatively set forth his rationale for granting the continuance in a written order, which affirmatively stated several rationales for the continuance. If legitimate, any one may serve as a justification for entering this continuance. See 18 U.S.C. § 3161(h)(8).
 
 
 109
 Note, however, that we assumed that the "ends of justice" continuance was improper for purposes of the Speedy Trial Act. The outcome of Alexander's appeal, therefore, would be unaffected were we to decide that the continuance was improvidently granted. Accordingly, this Court finds it unnecessary to discuss the propriety of the district court continuance ruling.
 
 III.
 
 110
 For the foregoing reasons, we AFFIRM the conviction and sentence imposed by the Honorable R. Allan Edgar, United States District Judge for the Eastern District of Tennessee.