**UNITED STATES of America,**

v.

**Edward BAUER, Defendant.**

**No. CR.03–400–01(JMF).**

United States District Court, District of Columbia.

Oct. 2, 2003.

Marc Rothenberg, U.S. Attorney's Office, Washington, DC, for U.S.

Erica Hashimoto, Federal Public Defender for D.C., Washington, DC, for defendant.

## MEMORANDUM OPINION

FACCIOLA, United States Magistrate Judge.

The defendant was presented on a charge of threatening to kill the President on July 28, 2003. Magistrate Judge Robinson ordered that the defendant be examined by the Legal Services Division to ascertain whether the defendant was presently incompetent and should be transferred to a hospital for further examination and treatment. *Order of July 28, 2003.*

On July 30, 2003, Dr. Robert Benedetti of the Legal Services Division reported to Judge Robinson that, in his opinion, the defendant was incompetent to stand trial and should be transferred to a mental hospital for evaluation and treatment. After Judge Robinson found probable cause to believe that the defendant committed the crime charged, she issued an order dated July 31, 2003 that provided, in pertinent part,:

> ORDERED, in accordance with the provisions of 18 U.S.C. § 4241(b) and LCrR 57.17(a), that Defendant is committed to the custody of the Attorney General of the United States for placement in a suitable facility for a period not to exceed thirty days for a determination of whether the Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him.

The same order directed that a report of this examination be filed by September 16, 2003 and that a status hearing be held on September 23, 2003. That hearing was held before me and unfortunately we learned for the first time that the defendant had not been transferred to a facility for the examination. Instead, he had remained at the D.C. Jail.

The United States then conducted a commendably thorough investigation of what occurred. It learned that Judge Robinson's order was never delivered to the United States Marshal Service who was, therefore, unaware of its obligation to transfer the defendant to a "suitable facility" for the evaluation.

The United States pronounces itself ready to now comply with the order but the defendant moves to dismiss the case pursuant to the Speedy Trial Act because more than 30 days have transpired since his arrest and he has yet to be indicted.

█ The government first insists that the Speedy Trial Act excludes from that 30–day requirement "[a]ny period of delay resulting from the fact that the defendant is mentally incompetent ... to stand trial." 18 U.S.C. § 3161(h)(4).[1] But, as the defendant points out, Judge Robinson never determined that the defendant was incompetent. Had she done so, she would have committed the defendant to the Attorney General pursuant to 18 U.S.C. § 4241(d)(1). That determination would have compelled the defendant's detention not for a time certain but "for such a reasonable period of time, not to exceed four months," to ascertain whether there was a likelihood that the incompetent defendant will become competent "in the foreseeable future." Instead, Judge Robinson committed the defendant for the purposes of an evaluation to determine his competency. She certainly did not intend to determine whether or not the defendant was competent until the report was submitted to her for the September hearing. Indeed, it is the common practice of this court to avail itself of the facilities of the mental health professionals who are performing competency screenings in the Superior Court when confronted with defendants who may be incompetent. Upon receipt of a report stating that a defendant appears to be incompetent, the judge may either find that the defendant is incompetent pursuant to 18 U.S.C. § 4241(d) and commit him for the indefinite period I have just described or postpone any determina-

---

1. All references to the United States Code are to the electronic versions that appear on Westlaw and Lexis.

tion of competency until a more detailed evaluation is done. It is clear to me that Judge Robinson never determined that the defendant was incompetent. Instead, she sought the more detailed evaluation. Hence, the exclusion upon which the government relies does not apply here.

█ The government tries a different tack, insisting upon the exclusion under the Speedy Trial Act for "any proceeding, including any examinations, to determine the mental competency ... of the defendant." 18 U.S.C. § 3161(h)(1)(A). Under that interpretation, the period from July 28, 2003 to today would have to be described as a "proceeding." A proceeding is defined as "[t]he instituting or carrying on of an action at law; a legal action or process; any act done by authority of a court of law; any step taken in a cause by either party." *Oxford English Dictionary.* The noun "proceeding" is, according to that dictionary, "[t]he action of the verb PROCEED." It is impossible for that word, that connotes action and movement from one point to another, to be used to be describe a circumstance where nothing happened. Defendant's sitting in a jail cell waiting to be transported cannot possibly be described as a proceeding and, therefore, invoke this exclusion.

█ Finally, there is an exclusion under the Speedy Trial Act for "delay resulting from transportation of any defendant from another district, or to or from places of examination or hospitalization." 18 U.S.C. § 3161(h)(1)(H). But, the delay encountered here did not result from transporting the defendant; it resulted from his *not* being transported. In any event, Congress has indicated that a delay greater than ten days is presumed to be unreasonable. 18 U.S.C. § 3161(h)(1)(H). While no one questions the good faith of anyone involved, it is nevertheless true that there is no explanation for Judge Robinson's or-

der not traveling from the courtroom, where I presume it was signed, to the office of the United States Marshal, only a few feet away. An inexplicable failure to comply with a court order cannot be described as reasonable. Hence, the congressional presumption operates to condemn it as unreasonable.

█ Since none of the Speedy Trial Act exclusions apply, the defendant's motion must be granted. In determining whether the case should be dismissed with or without prejudice, the Speedy Trial Act requires the court to consider (a) the seriousness of the offense; (b) the facts and circumstances of the case which led to the dismissal; and (c) the impact of a reprosecution on the administration of the Speedy Trial Act and the administration of justice. 18 U.S.C. § 3162(a)(1).

First, it is hard to exaggerate the seriousness of the offense, a threat to kill the President. Second, as all are agreed, the failure to comply with Judge Robinson's order was not willful or malicious and the government has not sought and certainly has not gained any tactical advantage by the delay. Third, the seriousness of dismissal with prejudice of case involving a threat to the President might have the salutary effect of forcing the United States Attorney's Office, the Marshal Service, and the Clerk's Office to create a system that would prevent what happened here from ever happening again. That draconian remedy might be appropriate if this was a common, endemic problem. But, I had responsibility for criminal cases involving mental health issues as a government lawyer for several years and this is the first time I have encountered this problem as a lawyer or a judge. If, as all hope, what happened here is unique, dismissal with prejudice is a remedy out of all proportion to the error committed. I will, therefore, dismiss the case without prejudice because

in my view a dismissal with prejudice is too extreme a remedy considering the seriousness of the offense and the inadvertent, uncommon nature of the error committed. I will stay my order until close of business on Friday, Oct. 3, 2003.

An Order accompanies this Memorandum Opinion.

### ORDER

In accordance with the accompanying Memorandum Opinion, defendant's oral motion to dismiss for violation of the Speedy Trial Act is, hereby,

**GRANTED** without prejudice.

It is further, hereby,

**ORDERED** that my **ORDER** be stayed until close of business on Friday, October 3, 2003, to permit a government appeal.

**SO ORDERED.**