**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Marky M. TEWID, Defendant—
Appellant.**

No. 02–10561.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 6, 2003.

Decided Nov. 13, 2003.

Marivic P. David, Hagatna, GU, for Plaintiff–Appellee.

Robert E. Hartsock, AFPD, Richard P. Arens, Esq., Federal Public Defender, Mongmong, GU, for Defendant–Appellant.

Before: REINHARDT, THOMAS, and CLIFTON, Circuit Judges.

MEMORANDUM *

Defendant–Appellant Marky Tewid appeals his conviction following a guilty verdict on the sole charge of illegal reentry of a removed alien. We affirm. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

Tewid claims that the district court erred in denying his motion to dismiss the indictment because his rights under the Speedy Trial Act, 18 U.S.C. § 3161 *et. seq.*, had been violated.

The district court denied Tewid's motion reasoning that the pretrial delays that occurred were attributable to Tewid's mental incompetency and to pending motions and proceedings pursuant to that incompetency, the time for which was excludable under 18 U.S.C. § 3161(h)(1); 18 U.S.C. § 3161(h)(1)(F); and 18 U.S.C. § 3161(h)(4). After a careful review of the record, we conclude that the district court was correct in its assessment.

In construing 18 U.S.C. § 3161(h)(1)(F), the Supreme Court has held that Congress intended, "to exclude from the Speedy Trial Act's 70–day limitation all time between the filing of a motion and the conclusion of the hearing on that motion, whether or not a delay in holding that hearing is 'reason-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ably necessary.'" *Henderson v. United States,* 476 U.S. 321, 330, 106 S.Ct. 1871, 90 L.Ed.2d 299 (1986). The Supreme Court stated further, that:

> The provisions of the Act are designed to exclude *all time that is consumed in placing the trial court in a position to dispose of a motion.* District courts often find it impossible to resolve motions on which hearings have been held until the parties have submitted ... additional factual materials, *especially where the motion presents complicated issues.*

*Id.* at 331 (emphasis added) (citation omitted).

In this case, the seventy-day Speedy Trial clock began to run on March 23, 2000, when Tewid was arraigned on the indictment. The clock stopped running on May 4, 2000 when the parties stipulated and the district court approved a psychological exam to determine Tewid's competency. By this time, forty-one nonexcludable days had elapsed. On that date, the parties stipulated–as they did repeatedly in this case–that "any period of delay resulting from these [competency] proceedings are [sic] excludable under the Speedy Trial Act." The district court reasonably concluded that the issue of Tewid's competency was not sufficiently resolved prior to February 21, 2002. The clock was triggered on February 22, 2002 and ran through March 12, 2002, bringing the total number of nonexcluded days to sixty. Tewid contends that there were days during this period of time that should not have been excluded because there was a transportation delay in excess of that permitted under 18 U.S.C. § 3161(h)(1)(H). However, regardless of the merits of that issue, the time in question was still excludable because it was separately attributable to a delay pertaining to proceedings associated with determining the mental competency of the defendant and resolving motions pertaining thereto.

On March 13, 2002, Tewid filed the motion to dismiss that is the subject of this appeal. The district court denied the motion and the motion was never renewed.

> "In ruling on a motion to dismiss an indictment for failure to comply with the Speedy Trial Act, a court need only consider the alleged delay which occurs prior to and including the date on which the motion is made. The right to challenge any subsequent delay is waived absent the bringing of a new motion to dismiss."

*United States v. Wirsing,* 867 F.2d 1227, 1230 (9th Cir.1989).

Thus, we cannot consider the time allegedly includable after that date.

Because the district court's decision is consistent with the pertinent provisions of the Speedy Trial Act, the controlling precedent of *Henderson,* and the parties' stipulations with respect to excludable time, we affirm.

**AFFIRMED.**