**UNITED STATES of America,**
**Plaintiff,**

v.

**Jason Nathaniel WILLIAMSON,**
**Defendant.**

**No. CR05–3023–MWB.**

United States District Court,
N.D. Iowa,
Central Division.

Jan. 18, 2006.

Charles J. Williams, Rebecca Goodgame Ebinger, US Attorney's Office, Cedar Rapids, IA, for Plaintiff.

Jane Kelly, Federal Public Defender, Cedar Rapids, IA, for Defendant.

## ORDER ON MOTION TO CONTINUE COMPETENCY HEARING

BENNETT, District Judge.

The plaintiff has filed an unopposed motion (Doc. No. 30) to continue the competency hearing in this matter, currently scheduled for February 7, 2006. The plaintiff notes the defendant did not arrive at the federal medical facility ("FMC") where he is being evaluated until January 5, 2006. The FMC doctor has requested thirty days to complete the defendant's evaluation, and another two weeks to com-

plete the report from the evaluation. The plaintiff then seeks a continuance of the competency hearing "until late March, 2006."

The plaintiff's motion brings to the fore the sometimes confusing interplay between the statute authorizing psychiatric or psychological examinations of criminal defendants in the federal system, 18 U.S.C. § 4241 *et seq.,* and the Speedy Trial Act, 18 U.S.C. § 3161. The court may commit a defendant "to be examined for a reasonable period, but not to exceed thirty days," where the examination is for the purpose of determining a defendant's competency to stand trial. 18 U.S.C. § 4247(b); *see* 18 U.S.C. § 4241. In addition, the "director of the facility may apply for a reasonable extension, but not to exceed fifteen days, ... upon a showing of good cause that the additional time is necessary to observe and evaluate the defendant." (*Id.*)

Following completion of the defendant's evaluation, the examiner must prepare a report containing the examiner's findings and other information as directed by 18 U.S.C. § 4247(c). The statute does not specify a time period within which the report must be prepared; however, the undersigned previously has determined that two weeks is adequate time to prepare the report, and the order directing the defendant's competency examination in this case allowed two weeks for preparation of the report.

Where the Speedy Trial Act comes into play is in the time expended to transport the defendant to and from the FMC where the defendant is evaluated. On one hand, the Act excludes "[a]ny period of delay resulting from ... any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant[.]" 18 U.S.C. § 3161(h)(1)(A). On the other hand, the Act excludes any period of "delay resulting from transportation of any defendant ...

to and from places of examination or hospitalization, **except that** any time consumed in excess of ten days from the date [of] an order ... directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable[.]" 18 U.S.C. § 3161(h)(1)(H) (emphasis added).

■ The Eighth Circuit Court of Appeals has not addressed, directly, whether time in excess of ten days that may be required to transport a defendant for a competency evaluation is excludable for speedy trial purposes, and there is a split among the circuits on the issue. The Second Circuit has held that any delay relating to a competency evaluation, including delay from transporting a defendant for the evaluation, is excludable under section 3161(h)(1)(A), and *all* delays that occur from the date of the order directing the evaluation until completion of the competency hearing are excludable under subsection (h)(1)(A), even if the delays are unreasonable. *United States v. Vasquez,* 918 F.2d 329, 333 (2d Cir.1990).

The Second Circuit's position, however, appears to be in the minority. *See United States v. Killion,* 902 F.Supp. 1427, 1429 n. 2 (D.Kan.1995) (noting "the majority view is that an unreasonable delay in transportation is non-excludable (even if there is a pending motion to determine competency)"). The First Circuit has held any delay that results from transporting the defendant to the place of evaluation is controlled by subsection (h)(1)(H), not (h)(1)(A), noting "[a]ny other interpretation would render mere surplusage the specific reference in subparagraph (h)(1)(H) to transportation 'to and from places of examination or hospitalization.'" *United States v. Noone,* 913 F.2d 20, 25 n. 5 (1st Cir.1990). The Ninth Circuit agrees that (h)(1)(H) controls. *See United States v. Taylor,* 821 F.2d 1377, 1384 (9th Cir. 1987), *rev'd on other grounds,* 487 U.S.

326, 108 S.Ct. 2413, 101 L.Ed.2d 297 (1988). *See also United States v. Jervey*, 630 F.Supp. 695, 697 (S.D.N.Y.1986) (holding "Congress knew all about the customs and practices of the prison bus," which took a circuitous route to transport defendants, when the Speedy Trial Act was passed).

■ In the present case, the order directing the defendant's evaluation for competency to stand trial was entered on December 20, 2005. Thus, the excludable time for purposes of speedy trial calculations expired December 30, 2005. The additional six days required to transport the defendant to the FMC are not excludable for speedy trial purposes. 18 U.S.C. § 3161(h)(1)(H).[1]

By the court's calculation, since the date of the defendant's arraignment, forty-two days have expired of the seventy non-excludable days allowed by the Speedy Trial Act. He was arraigned on September 1, 2005, and filed a motion to continue the trial on October 7, 2005. The thirty-six days from the defendant's arraignment to the date of his motion to continue are not excludable for speedy trial purposes. The motion was granted, and trial was continued to December 5, 2005, with speedy trial time excluded from the date of the motion to the date of trial. On November 9, 2005, the defendant filed a notice of his intent to plead guilty, and a change of plea hearing was scheduled for November 17, 2005. On November 15, 2005, defense counsel filed a motion to continue the trial and plea hearing, noting concerns had arisen regarding the defendant's competency. The defendant requested time to obtain an evaluation on his own behalf. The motion was granted, the plea hearing was stricken, and the trial was continued to January 3, 2006, with speedy trial time excluded to the date of trial.

On December 19, 2005, the plaintiff filed a motion for competency evaluation of the defendant. On December 20, 2005, the motion was granted, the trial date was stricken, and the court ordered the defendant transported to a federal medical facility for evaluation. As noted above, the defendant arrived at the FMC on January 5, 2006, and the period of time expended to transport the defendant to the FMC included six days of non-excludable time. Thus, a total of forty-two days have elapsed of the allowable seventy days of non-excludable time under the Act. *Id.*

■ The plaintiff now seeks an extension of time for the FMC evaluator to complete the defendant's evaluation and to prepare the report.[2] These extensions of time are proper under the statute and are **granted**. The defendant's evaluation must be completed by **February 3, 2006.**[3] The

---

1. Although the court ordinarily excludes from its time calculations "intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days," Fed.R.Crim.P. 45(b)(1), in this case, the *statute* expressly provides that "any time consumed in excess of ten days ... shall be presumed to be unreasonable." 18 U.S.C. § 3161(h)(1)(H). *See* Fed.R.Crim.P. 45(a) (time exclusion for weekends and holidays applies to "any period of time specified in these rules, or any local rule, or any court order"; the Rule omits application of the exclusion to times specified by statute). Therefore, absent contrary direction from the Eighth Circuit Court of Appeals or Congress, the court will not exclude weekends and holi-

days in calculating the ten-day period to transport a defendant. *See, e.g., United States v. Taylor*, 821 F.2d 1377, 1384 (9th Cir.1987), *rev'd on other grounds*, 487 U.S. 326, 108 S.Ct. 2413, 101 L.Ed.2d 297 (1988).

2. Although the request is being made by the plaintiff, purportedly on behalf of the doctor evaluating the defendant, the court finds the plaintiff is seeking the extension on behalf of the director of the facility, pursuant to the statute. *See* 18 U.S.C. § 4247(b).

3. February 4, 2006, which is the 30th day following the defendant's arrival at the FMC, falls on a Saturday.

report from the evaluation must be completed by **February 17, 2006**. Thereafter, the Government will have ten excludable days to transport the defendant back to Sioux City, Iowa, for the competency hearing. Accordingly, the court **denies** the plaintiff's request that the hearing be scheduled in "late March." The competency hearing is continued to **March 1, 2006, at 10:00 a.m.**[4]

IT IS SO ORDERED.

---

4. The court recognizes the March 1, 2006, hearing date will result in two additional days of non-excludable time.