

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-31-2007

# In Re: Hubbard

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1011

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"In Re: Hubbard " (2007). *2007 Decisions*. Paper 1712.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1712

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-1011
_____

IN RE: RUDOLPH HUBBARD,
                                                    Petitioner
_____

On a Petition for Writ of Mandamus from
the District Court of the Virgin Islands
(Related to D.C. Crim. No. 06-cr-0004-G-01)

_____

Submitted Under Fed. R. App. Pro. 21
January 19, 2007

Before:   SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges

(Filed:  January 31, 2007)
_____

OPINION
_____

PER CURIAM.

        Petitioner Rudolph Hubbard, a Guyanese citizen also known as Treon

Cummings and Darrel Williams, was removed from the United States on or about August

6, 2004.  Prior to his removal, he was convicted in United States District Court for the

Southern District of New York, at D.C. Crim. No. 03-cr-00480-JSM-All, for having made

a false statement in connection with his permanent resident application concerning his

criminal history, in violation of 18 U.S.C. § 1546(a).  Hubbard was sentenced to time

served.  See also United States v. Cummings, 115 Fed. Appx. 509 (2d Cir. 2004) (summary order affirming conviction on direct appeal).

Hubbard filed a motion to vacate sentence under 28 U.S.C. § 2255 relating to this conviction in the sentencing court.  It very recently was denied.  See Hubbard v. United States, No. 06 Civ. 1176 (NRB), 2006 WL 3627761 (S.D.N.Y. December 13, 2006).  In that section 2255 motion, Hubbard contended that the conviction was the result of a malicious and vindictive prosecution, he was indicted and convicted on the basis of perjured testimony, he was improperly convicted on the basis of testimony by his wife, and he received ineffective assistance of counsel from both of his attorneys.  Id. at *1.

Hubbard currently is detained at the Metropolitan Detention Center in San Juan, Puerto Rico for attempting to illegally reenter the United States.  A criminal complaint was filed on February 4, 2005, the date that his current custody commenced, in the District Court of the Virgin Islands at D.C. 05-cr-0021-G-01, alleging that he illegally reentered following deportation in violation of 8 U.S.C. § 1326(a), and impersonated a United States citizen in violation of 18 U.S.C. § 911.  A Federal Public Defender was appointed to represent him.  An indictment was filed about a month later.

In July 2005, the Federal Public Defender was allowed to withdraw, and the District Court appointed George Hodge, Esquire of St. Thomas, Virgin Islands to represent Hubbard.  A motion to suppress evidence was filed, and the government was ordered to respond, the time to be excluded from the speedy trial calculation.  On October 25, 2005, Hubbard filed a pro se motion for bail, in which he argued a Speedy Trial Act

2

violation.  On December 6, 2005, the District Court treated that motion as a motion to dismiss the indictment for a speedy trial violation, granted it, and ordered that the Indictment be dismissed without prejudice.

A new indictment was filed on January 10, 2006 at D.C. 06-cr-0004-G-01, again charging Hubbard with violations of 8 U.S.C. § 1326(a) and 18 U.S.C. § 911. Again, the District Court appointed Mr. Hodge to represent Hubbard.  Before Mr. Hodge was appointed, however, Hubbard filed in the district court a pro se motion raising a speedy trial issue, and he also filed a motion to suppress evidence.  (Hubbard evidently considers Mr. Hodge to be his "advisor" only.)  Thereafter, pursuant to a motion filed by the government, Hubbard was ordered by the District Court on August 10, 2006 to be committed to the custody of the United States Attorney General for a psychiatric and/or psychological examination and evaluation for a period not to exceed 30 days.  On September 22, 2006, Hubbard filed a pro se petition for writ of habeas corpus in the district court, and several other items, including a letter seeking to learn the status of his speedy trial motion.  The District Court has yet to rule on any of Hubbard's motions.

Before us now is Hubbard's petition for writ of mandamus, in which he seeks an order directing the District Court to rule on his habeas corpus petition and on his speedy trial motion.  With his mandamus petition he has submitted, in pertinent part, a copy of his habeas corpus petition, an item titled "Declaration of Paper Terrorism," and a copy of an item submitted to the sentencing court, the Southern District of New York, in the section 2255 proceedings.  In Hubbard's habeas corpus petition, he alleges that his

3

conviction in the Southern District of New York, at D.C. Crim. No. 03-cr-00480, for having made a false statement in connection with his permanent resident application, is invalid because the prosecution was in retaliation for a civil action he filed against the New York Police Department; it also was the result of entrapment. He further alleges that his removal from the United States was illegal.

Hubbard also alleges in the habeas corpus petition that the current indictment was obtained illegally by presenting false testimony to the grand jury and suppressing favorable evidence, and that appointed counsel has rendered ineffective assistance with respect to the speedy trial issue. In the "Declaration of Paper Terrorism," Hubbard claims that the original criminal prosecution in the Southern District of New York was racially motivated, and, in the item submitted to the sentencing court, Hubbard claimed that the government deliberately impeded his efforts to apply for asylum and withholding of removal.

We will deny the petition for writ of mandamus. A writ of mandamus is an extreme remedy that is invoked only in extraordinary situations. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). To justify the use of this extraordinary remedy, a petitioner must show both a clear and indisputable right to the writ and that he has no other adequate means to obtain the relief desired. See Haines v. Liggett Group Inc., 975 F.2d 81, 89 (3d Cir. 1992). With respect to the original conviction in the Southern District of New York for violating 18 U.S.C. § 1546(a), and his related contention that he is entitled to benefits under the Immigration and Nationality Act,

4

Hubbard has not shown that he has no other adequate means to obtain the relief desired. Under the explicit terms of 28 U.S.C. § 2255, unless a section 2255 motion would be "inadequate or ineffective," a habeas petition cannot be entertained by a court. See also Application of Galante, 473 F.2d 1164, 1165 (3d Cir. 1971). Section 2255 is not "inadequate or ineffective" merely because the sentencing court is not inclined to grant relief. Moreover, Hubbard may appeal the order denying his section 2255 motion. He has 60 days in which to appeal, Fed. R. App. Pro. 4(a)(1)(B), to the United States Court of Appeals for the Second Circuit.

Hubbard also seeks an order directing the Assistant United States Attorney in D.C. Crim. No. 05-cr-0021-G-01 to comply with 5 U.S.C. § 2906 ("The oath of office taken by an individual under section 3331 of this title shall be delivered by him to, and preserved by, the House of Congress, agency, or court to which the office pertains."). As that indictment was dismissed, we will deny this request as moot.

Hubbard's request to have a ruling on the speedy trial issue with respect to the current indictment presents a somewhat closer question, but we find that relief is not warranted at this time because he has not shown a clear and indisputable right to the writ. Under the Speedy Trial Act, a defendant must be brought to trial "within seventy days from the filing date ... of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). In any criminal prosecution there are legitimate reasons for delay, however, and so there are a number of statutory exclusions, 18 U.S.C. §

5

3161(h), that call for time to be excluded from the calculation of the seventy-day limit.

The pendency of multiple pretrial motions provides a basis for excluding time from the speedy trial calculation. See United States v. Felton, 811 F.2d 190, 196-97 (3d Cir. 1987) (citing 18 U.S.C. § 3161(h)(1)(J)). The Speedy Trial Act also provides that the time consumed during the competency examination process, see 18 U.S.C. § 4247(b), be excluded from the speedy trial calculation, 18 U.S.C. § 3161(h)(1)(A). The time during which a motion to determine competency is pending may also be excluded as is the time during which the examination itself has been delayed. See, e.g., United States v. Daychild, 357 F.3d 1082, 1094 (9th Cir. 2004) (time limit on pretrial commitment for psychiatric evaluation to determine competency to stand trial does not limit exclusion of that time under Speedy Trial Act); United States v. Fuller, 86 F.3d 105, 106 (7th Cir. 1996) (same).

Although the current indictment was filed more than a year ago, multiple pretrial motions have been filed, and commitment for the purpose of psychiatric or psychological examination has been ordered. Thus, there are periods that plainly may be excluded under the Speedy Trial Act. Hubbard's concerns are not frivolous but, because of the pretrial motions and the commitment order, and especially because he does not challenge the commitment order, we are not persuaded that he has demonstrated a clear and indisputable right to dismissal of the indictment at this time. 18 U.S.C. § 3162(a)(1) (after setting aside excluded time, trial must commence within seventy-day limit, and, if it does not, court must dismiss the indictment). Moreover, the District Court has shown a willingness to respond to his pro se motions, as it did with his motion for bail filed in D.C.

6

05-cr-0021-G-01, which resulted in dismissal of the original indictment on speedy trial grounds.

Accordingly, we will not order the District Court to rule on the speedy trial issue at this time. We are confident both that the District Court is aware of the issue as it pertains to this indictment, and that Hubbard has the ability to present and pursue his arguments by filing a pro se motion to dismiss the indictment on the basis of the Speedy Trial Act (or for bail) should he conclude that, even with the commitment exclusions, a violation has occurred that entitles him to dismissal of the indictment.

The contention that the current indictment should be dismissed because it is based on false testimony and suppressed favorable evidence does not present a close question, and does not warrant mandamus relief. The current indictment is based on Hubbard's having illegally reentered the United States following removal; he does not deny that he was previously removed and that he has since reentered without authority. Moreover, the conviction that provided the basis for removal has never been invalidated.

We will deny the petition for writ of mandamus. Petitioner's motion for appointment of counsel is denied.