**UNITED STATES OF AMERICA, Plaintiff**
**v.**
**TEVON JAREEM BROWNE, Defendant**

Criminal No. 2007-59
District Court of the Virgin Islands
Division of St. Thomas and St. John
March 18, 2008

ISHMAEL MEYERS, JR., AUSA, St. Thomas, U.S.V.I., *For the plaintiff.*

JESSE A. GESSIN, AFPD, St. Thomas, U.S.V.I., *For the defendant.*

GÓMEZ, *Chief Judge*

## MEMORANDUM OPINION

### (March 18, 2008)

Before the Court is the motion of Tevon Jareem Browne ("Browne") to dismiss the information filed in this matter pursuant to 18 U.S.C. §§ 3161, *et seq.* (the "Speedy Trial Act," or the "Act"). For the reasons stated below, the Court will deny the motion.

### I. FACTS

On February 27, 2007, Browne allegedly entered the Arturo A. Watlington Post Office in St. Thomas, U.S. Virgin Islands wielding two large butcher knives.

Browne was arrested and advised of his rights on March 16, 2007.[1] At the advice of rights proceeding, the government moved for pretrial detention, and the Magistrate Judge scheduled a preliminary and detention hearing for March 21, 2007. During the March 21, 2007, hearing, the government moved for an evaluation of Browne's mental competency to stand trial. The hearing did not result in a ruling on the detention motion or the motion for a competency evaluation.

On March 22, 2007, the Magistrate Judge entered an order granting the government's motion for a competency evaluation. On April 19, 2007, the

---

[1] On February 27, 2007, Browne allegedly entered the Arturo A. Watlington Post Office in St. Thomas, U.S. Virgin Islands wielding two large butcher knives. Thereafter, a warrant was issued for Browne's arrest.

Magistrate Judge entered an order granting the government's motion for pretrial detention of Browne. On May 15, 2007, Browne arrived and was admitted as a patient at the Federal Mental Facility at Butner, North Carolina ("Butner").

The Forensic Evaluation (the "Report") of Browne's mental competency to stand trial was completed and signed by a staff psychiatrist and a staff psychologist on September 17, 2007. Also on September 17, 2007, the Butner Complex Warden signed a Certificate of Restoration of Competency to Stand Trial, which he sent to the Court along with the Report and a letter indicating that Browne "is now competent to stand trial . . . ." (A.F. Beechler Letter, Sept. 17, 2007.)

On September 26, 2007, the Magistrate Judge conducted a status conference in this matter. At the September 26, 2007, status conference, the Magistrate Judge indicated that the Court had been advised that the Report had been completed. However, the Court had not yet received the Report from Butner. The defense attorney requested an order directing the immediate production of the Report, complaining that Browne had been in custody for over six months since his arrest.

On October 3, 2007, the Magistrate Judge held another status conference in this matter, during which he stated that the Court had received the Report from Butner. The Court, the prosecutor, and the defense attorney all affirmed that they had reviewed the Report. The Magistrate Judge informed the parties that Browne was in the process of being transported from Butner back to the District. At the October 3, 2007, status conference, the defense attorney indicated a desire for prompt disposition of the matter.

The matter again came before the Magistrate Judge for a status conference on October 17, 2007, at which time the Magistrate Judge stated that Browne was still in the process of being transported from Butner back to the District.

On October 22, 2007, the government filed a two-count information against Browne. Count One charges Browne with threatening to assault Postal Inspector Steve Stebbins with intent to retaliate against him on account of the performance of his official duties, in violation of 18 U.S.C. § 115(a)(1)(B) and (b)(4). Count Two charges Browne with possession of dangerous weapons in a federal facility, in violation of 18 U.S.C. § 930(a).

On December 11, 2007, Browne returned to the District of the Virgin Islands from Butner.[2] On December 12, 2007, a hearing was conducted in this matter. During that hearing, Browne moved for pretrial release. The Magistrate Judge granted the motion from the bench. Additionally, the trial in this matter was scheduled for January 28, 2008.

On December 19, 2007, Browne filed a motion to modify the conditions of his release.

A status conference was held in this matter on January 9, 2008. The Magistrate Judge did not rule on Browne's pending motion to modify conditions of release during the January 9, 2008, status conference.

On January 24, 2008, Browne filed the instant motion to dismiss for violations of the Speedy Trial Act.[3]

The Magistrate Judge granted Browne's motion to modify the conditions of release on January 25, 2008.

On February 1, 2008, the Court entered an Order rescheduling Browne's trial for February 19, 2008. The matter came before the Magistrate Judge for a status conference on February 6, 2008, during which the defense attorney stated that he was still waiting for a written plea agreement from the government to present to his client. On February 8, 2008, the government filed its opposition to Browne's motion to dismiss.

On February 13, 2008, the Court entered an Order rescheduling the trial in this matter for March 17, 2008.

## II. ANALYSIS

The Speedy Trial Act "give[s] effect to the Sixth Amendment right to a speedy trial by setting specified time limits after arraignment or indictment within which criminal trials must be commenced." *United*

---

[2] In its opposition to the instant motion to dismiss, the government states that Browne was returned to the District on December 7, 2007. The government points to no facts to support the December 7, 2007, return date. However, the record of the December 12, 2007, hearing reveals that Browne returned to the District on December 11, 2007. Ultimately, the difference of these few days is not determinative of the outcome of the motion to dismiss.

[3] Additionally, on January 23, 2008, Browne filed a motion to continue the trial in this matter. On January 24, 2008, Browne filed written waiver of his right to a speedy trial up to and including February 11, 2008, and the Court directed that the time thereafter until February 11, 2008, be excluded interests of justice.

*States v. Lattany*, 982 F.2d 866, 870-71 (3d Cir. 1992) (quotation omitted). Under 18 U.S.C. § 3161(b) ("Section 3161(b)") "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b) (1990). Additionally, 18 U.S.C. § 3161(c)(1) ("Section 3161(c)(1)") requires that a defendant charged in an indictment or information must be brought to trial within seventy days after the filing date of the indictment or information, or the date of the defendant's first court appearance, whichever comes later. *Id.* at § 3161(c)(1).

The Speedy Trial Act provides that

> [t]he following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:
>
> > (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—
> >
> > > (A) delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant;
> > >
> > > . . .
> > >
> > > (F) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion.
> > >
> > > . . .
> > >
> > > (H) delay resulting from transportation of any defendant from another district, or to and from places of examination or hospitalization, except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable;
> > >
> > > . . .
> > >
> > > (J) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.

*Id.* at §§ 3161(h)(1)(A), (F), (H), (J).

If, after excluding time for permissible delays, an information is not filed against the defendant within thirty days, or if the defendant is not brought to trial within seventy days after the information is filed, the information must be dismissed.[4] *See id.* at § 3162(a)(1)-(2) (1975); *see also United States v. Hamilton*, 46 F.3d 271, 275, 31 V.I. 360 (3d Cir. 1995) ("If the trial does not commence within seventy days, or within an extended time allowable pursuant to section 3161(h), the indictment or information must be dismissed on motion of the defendant, with or without prejudice." (citation and quotations omitted)).

Browne claims that this matter must be dismissed because the thirty-day period for filing the information and the seventy-day period for bringing him to trial were both exceeded in this case.

## A. 30-Day Clock

Browne argues that the 30-day period set forth in Section 3161(b) was violated due to non-excludable time that elapsed between the March 22, 2007, order directing his psychological evaluation and his May 15, 2007, arrival at Butner. Browne points out that he was not transported to Butner within the ten-day allowable transportation period set forth in 18 U.S.C. § 3161(h)(1)(H) ("Section 3161(h)(1)(H)"). He asserts that any transportation delay exceeding that permitted under Section 3161(h)(1)(H) is not excludable for speedy trial purposes. According to Browne's calculations, 44 non-excludable days passed after the order for his mental evaluation before he arrived at Butner, exclusive of reasonable delays for transportation and hearing dates. Browne also claims that a total of 139 non-excludable days passed between his arrest on March 16, 2007, and the filing of the information on October 22, 2007.

The government contests Browne's calculations, asserting that the entire period from the March 21, 2007, hearing until October 2, 2007, when the government received the Report from Butner, should be excluded under 18 U.S.C. § 3161(h)(1)(A) ("Section 3161(h)(1)(A)"). In

---

[4] The Speedy Trial Act outlines several factors that the court must consider in determining whether to dismiss the matter with or without prejudice, including: "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. at § 3162(a)(1)-(2) (1975).

the government's view, only 22 non-excludable days elapsed between Browne's arrest and the filing of the information.

Courts disagree regarding the extent to which delays resulting from transportation of a defendant to and from the place of his examination are excludable from the speedy trial count.[5] Some courts hold, as the government argues, that all delays in transporting a defendant to and from the place of examination are excludable as proceedings to determine the defendant's mental competency under Section 3161(h)(1)(A), notwithstanding the provisions of Section 3161(h)(1)(H). *See, e.g., United States v. Vasquez*, 918 F.2d 329, 333 (2d Cir. 1990) (holding that transportation delays exceeding the excludable ten-day period set forth in Section 3161(h)(1)(H) were nonetheless excludable under Section 3161(h)(1)(A)); *United States v. Tewid*, 86 Fed. Appx. 224 (9th Cir. 2003) (rejecting the defendant's argument that time spent transporting him to the place of his mental examination in excess of that allowable under Section 3161(h)(1)(H) and holding that such delays were separately excludable under Section 3161(h)(1)(A)); *United States v. Bell*, 2007 WL 1087355 at *3 (N.D. Ga. 2007) (excluding the entire period between the filing of the motion for a competency evaluation through the court's finding of competency after the evaluation, pursuant to Section 3161(h)(1)(A)).

In *United States v. Vasquez*, 918 F.2d 329 (2d Cir. 1990), eight months elapsed between the entry of the order directing that the defendant undergo psychological evaluation and his arrival at the place of examination. *Vasquez*, 918 F.2d at 333. The *Vasquez* court recognized that only ten days are excludable for transportation under Section 3161(h)(1)(H), and acknowledged that the case involved "serious institutional error . . . ." *Id.* The court held that the eight-month transportation delay was excludable under Section 3161(h)(1)(A) because it "arose from proceedings to determine his competency," notwithstanding the provisions of Section 3161(h)(1)(H). *Id.*

In contrast, other courts hold that Section 3161(h)(1)(H) limits the period of excludable transportation delays to ten days.[6] *See, e.g., United*

---

[5] The United States Court of Appeals for the Third Circuit has not addressed the issue.

[6] Some courts exclude intervening weekends and holidays pursuant to Federal Rule of Criminal Procedure 45(a) ("Rule 45(a)") when calculating the Section 3161(h)(1)(H) transportation exclusion. *See, e.g., United States v. Garrett*, 45 F.3d 1135, 1140 n. 6 (7th Cir. 1995) (applying Federal Rule of Criminal Procedure 45(a) ("Rule 45(a)") to the ten-day travel

*States v. Noone*, 913 F.2d 20, 25-26 (1st Cir. 1990) (holding that transportation delays in excess of ten days are presumed to be unreasonable and non-excludable under Section 3161(h)(1)(H)); *United States v. Castle*, 906 F.2d 134, 138 (5th Cir. 1990) ("[T]he presumption of [Section] 3161(h)(1)(H) applies unless some extraordinary event occurred in the case to make compliance with the directions of Congress unfeasible . . . ." (internal citations and quotations omitted)); *United States v. Lewis*, 484 F. Supp. 2d 380, 387-88 (W.D. Pa. 2007) (applying Section 3161(h)(1)(H), to exclude only ten of the 68 days spent transporting the defendant to his mental examination); *United States v. Williamson*, 409 F. Supp. 2d 1105, 1106-07 (N.D. Iowa 2006) (holding that an additional six-day transportation delay beyond the ten days allowed under [Section] 3161(h)(1)(H), was non-excludable under the Speedy Trial Act); *see also United States v. Bond*, 956 F.2d 628, 632 (6th Cir. 1992) (holding that the excludable period of delay caused by the transportation of the defendant from prison back to the district after his guilty plea was vacated was limited by Section 3161(h)(1)(H) to ten days).

In *United States v. Noone*, 913 F.2d 20 (1st Cir. 1990), it took 40 days to transport the defendant to Butner after the magistrate judge ordered that he undergo a psychological examination. *Noone*, 913 F.2d at 25. The court explained that "under [S]ection 3161(h)(1)(H), 30 days are presumed to have elapsed due to unreasonable delay and to be nonexcludable." *Id.* "As the government offer[ed] no explanation of the transportation delay, it [] failed to rebut the presumption of nonexcludability." *Id.* at 26. Accordingly, the court in *Noone* held that 30 non-excludable days elapsed as a result of the delays in transporting the defendant to Butner. *Id.*

█ This Court finds that the application of Section 3161(h)(1)(A) to exclude unlimited periods of time resulting from transportation delay runs

---

period set forth in Section 3161(h)(1)(H)); *Bond*, 956 F.2d at 632 ("[T]his ten day extension is enlarged by [Rule] 45(a) which excludes Saturdays, Sundays and legal holidays from any time limitation less than eleven days."). In contrast, other courts exclude only ten days for transportation delays, as required by the plain language of Section 3161(h)(1)(H). *See, e.g., Noone*, 913 F.2d at 25-26 (excluding only ten days under Section 3161(h)(1)(H), without regard to intervening weekends or holidays); *Williamson*, 409 F. Supp. 2d at 1106-07 ("[A]bsent contrary direction from the Eighth Circuit Court of Appeals or Congress, the court will not exclude weekends and holidays in calculating the ten-day period to transport a defendant." (internal citations and quotations omitted)).

afoul of the plain language of the Speedy Trial Act. As the United States Court of Appeals for the First Circuit reasoned in *Noone*:

> Section 3161(h)(1)(H), rather than [Section] 3161(h)(1)(A) (relating to delay "from any proceeding . . . to determine the mental competency . . . of the defendant"), controls the excludability of this period of delay. Any other interpretation would render mere surplusage the specific reference in subparagraph (h)(1)(H) to transportation "to and from places of examination or hospitalization."

*Noone*, 913 F.2d at 26 n.5 (internal citations and quotations omitted); *see also Lewis*, 484 F. Supp. 2d at 386 ("[T]he approach taken by *Vasquez* renders [Section] 3161(h)(1)(H) virtually meaningless, since it could never have any real effect in the context of a pending motion to determine physical capacity or mental competency—the very situations where 'examinations or hospitalizations' would seem most likely to arise."). Indeed, the Guidelines to the Administration of the Speedy Trial Act promulgated by the Judicial Conference of the United States provide that "[u]nreasonable delay in transporting a defendant to or from an institution at which the examination takes place may serve to reduce the amount of excludable time" under Section 3161(h)(1)(A). Committee on the Administration of the Criminal Law of the Judicial Conference of the United States, Guidelines to the Administration of the Speedy Trial Act of 1974, as amended (Dec. 1979 rev., with amendments through Oct. 1984), 106 F.R.D. 271, 286 (1984); *see also Lewis*, 484 F. Supp. 2d at 386 ("[T]he holding in *Noone* is consistent with the guidelines to the Speedy Trial Act.").

In enacting Section 3161(h)(1)(H),

> Congress took into account that there would be institutional delays. The setting of ten days as presumptively unreasonable seems to have been a compromise, with a deliberate limitation on flexibility in this section of the Act, rather than leaving transportation time to be excluded under some general standard of reasonableness.

*Castle*, 906 F.2d at 138; *see also Lewis*, 484 F. Supp. 2d at 387-88 (stating that it would be contrary to the purpose of Section 3161(h)(1)(H) to "subject[] [defendants] to extraordinary transportation delays at the hands of the U.S. Marshals Service"); *United States v. Jervey*, 630 F. Supp. 695, 697 (S.D.N.Y. 1986) ("[O]rdinary institutionalized delay is not an excuse. When

th[e] Act was passed Congress knew all about the customs and practices of the prison bus.").

■ Pursuant to the express terms of Section 3161(h)(1)(H), transportation delays in excess of ten days are presumed unreasonable and non-excludable for speedy trial purposes. *See* 18 U.S.C. § 3161(h)(1)(H); *see also Noone*, 913 F.2d at 25-26; *Castle*, 906 F.2d at 137; *Bond*, 956 F.2d at 632; *Lewis*, 484 F. Supp. 2d at 385-88. Such delays do not, as the government suggests, fall within the Section 3161(h)(1)(A) exclusion for delay resulting from proceedings concerning the defendant's mental competency. *See, e.g., Noone*, 913 F.2d at 26 n.5 (holding that transportation delays beyond the 10 day limit imposed by Section 3161(h)(1)(H) were not excludable under Section 3161(h)(1)(A)); *United States v. Bauer*, 286 F. Supp. 2d 31, 34 (D.D.C. 2003) ("Defendant's sitting in a jail cell waiting to be transported cannot possibly be described as a proceeding and, therefore, invoke this exception.").

Accordingly, the Court agrees with Browne's general proposition that Section 3161 places a 10-day limit on the time that is excludable due to transportation delay. However, Browne's calculation of the non-excludable delays that have elapsed is incorrect, as he has failed to account for several other periods of excludable delay.

### 1. Pre-Butner Period

Browne asserts that five non-excludable days elapsed between his arrest on March 16, 2007, and the March 22, 2007, Order directing that he be psychologically evaluated. That calculation disregards the effect of the government's verbal motion for pretrial detention on the Speedy Trial Act calculations.

■ Under 18 U.S.C. § 3161(h)(1)(F) ("Section 3161(h)(1)(F)"), the pendency of the detention motion tolled the speedy trial clock from after the March 16, 2007, advice of rights proceeding through the conclusion of the March 21, 2007, hearing. *See* 18 U.S.C. § 3161(h)(1)(F); *see also Henderson v. United States*, 476 U.S. 321, 330-31, 106 S. Ct. 1871, 90 L. Ed. 2d 299 (1986) (holding that Section 3161(h)(1)(F) automatically excludes the entire period between the filing of a pretrial motion and the conclusion of the hearing, whether or not the delay is reasonable); *United States v. Lattany*, 982 F.2d 866, 872-73 (3d Cir. 1992) (noting that both the date on which the motion is filed and the date on which the Court disposes of the motion are excludable from the speedy

787

trial period); *United States v. Broadwater*, 151 F.3d 1359, 1361 (11th Cir. 1998) ("[T]he Act excludes 'delay resulting from any pretrial motion,' and [such] pretrial motions 'may be written or oral at the discretion of the judge' . . . ." (quoting 18 U.S.C. § 3161(h)(1)(F) and FED. R. CRIM. P. 12(b)).

██ ██ The March 21, 2007, hearing, did not result in a ruling on the detention motion. The Court took the matter under advisement until it ruled on the motion on April 19, 2007. That period between March 21, 2007, and April 19, 2007, is excludable. *See* 18 U.S.C. § 3161(h)(1)(J); *see also Henderson*, 476 U.S. at 328-29 (holding that a maximum of 30 days are excludable due to a motion being taken under advisement after the conclusion of a hearing, or after the court receives any supplemental filings after a hearing); *cf. United States v. Felton*, 811 F.2d 190, 197 (3d Cir. 1987) (assuming that the 30-day advisement period applied, but noting that "when multiple motions have been filed, some courts have concluded that the thirty-day limitation of [Section 3161(h)(1)(J)] does not apply inflexibly" (internal citations and quotations omitted)).

Accordingly, the speedy trial clock did not begin to run until April 20, 2007. From that date until Browne's arrival at Butner on May 15, 2007, 25 days non-excludable days elapsed for purposes of Section 3161(b).

### 2. The Psychological Examination

Browne contends that, under 18 U.S.C. § 4247(b) ("Section 4247(b)"), a maximum of 45 days after his arrival at Butner are excludable. *See* 18 U.S.C. § 4247(b) (2006) (prescribing a 45-day maximum time period for psychological evaluations). The March 22, 2007, Order stated that the Court was directing the competency evaluation pursuant to 18 U.S.C. § 4241(d)(1) ("Section 4241(d)(1)"). Section 4241(d)(1) imposes a four-month cap on examinations to determine a defendant's competency to stand trial. *See id.* at § 4241(d)(1) (2006). Despite the plain language of the March 22, 2007, Order, Browne claims that Section 4247(b) should dictate the maximum excludable time attributable to his examination.

██ However, "the time period under [Section] 4247 has no bearing on speedy trial calculations." *United States v. Daychild*, 357 F.3d 1082 (9th Cir. 2004).

> [T]he [Speedy Trial Act] does not adopt . . . the 30-day time limit set forth in [Section] 4247(b). The [Speedy Trial Act] instead provides

that [] calculations must exclude *"[a]ny* period of delay . . . resulting from *any* proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant.

*United States v. DeGarmo*, 450 F.3d 360, 363 (8th Cir. 2006) (emphasis in original) (stating that "we refuse to borrow . . . a time limit from another statute and to read [it] into the [Speedy Trial Act]."), *cert. denied*, *DeGarmo v. United States*, 127 S. Ct. 516, 166 L. Ed. 2d 384 (2006); *United States v. Taylor*, 353 F.3d 868, 870 (10th Cir. 2003) ("[D]espite [the defendant's] persistence in attempting to pour the criminal code's limitations into the [Speedy Trial] Act to vindicate the 72 days he was held for psychological evaluation, we cannot rectify Congress' otherwise expressly drafted contrary intent." (internal citations and quotations omitted)); *United States v. Murphy*, 241 F.3d 447, 456 (6th Cir. 2000) ("[Section] 4247(b) does not limit the time excludable under the Speedy Trial Act for mental competency examinations"); *United States v. Fuller*, 86 F.3d 105, 106 (7th Cir. 1996) ("To put the two statutes together, borrowing the 30 and 45 day limits from the commitment statute for interpolation into the limitless delay provision of the Speedy Trial Act, would be an audacious bit of judicial creativity— and to no purpose that we can see."); *United States v. Miranda*, 986 F.2d 1283, 1285 (9th Cir. 1993) ("Although it was certainly capable of doing so, Congress gave no indication that [Section] 4247(b) modifies [S]ection 3161(h)(1)(A). Moreover, there is no compelling reason that the two statutes be linked.").

Accordingly, the entire period of delay resulting from Browne's competency examination is excludable without regard to Section 4247(b). *See* 18 U.S.C. § 3161(h)(1)(A).

### 3. Post-Butner Period

In Browne's view, the speedy trial clock began running again on September 17, 2007, the date of the Report certifying that he was mentally competent to stand trial.

However, "[Section 3161(h)(1)(A)], at a minimum, excludes a reasonable period pending delivery of the report to the court." *United States v. Noone*, 913 F.2d 20, 26-27 (1st Cir. 1990). Therefore, the speedy trial clock began running again, at the earliest, on October 3, 2007, when the Court received the Report from Butner. *See, e.g., United States v. Jones*, 23 F.3d 1307, 1309-10 (8th Cir. 1994) (holding that the speedy trial

clock began to run when the court received the psychiatric evaluation); *Noone*, 913 F.2d at 26-27 (excluding the time period between the date on which the Butner officials notified the court that the defendant was available for return to the district and the date on which the court received the report from Butner); *United States v. Howell*, 719 F.2d 1258, 1261 (5th Cir. 1983) (excluding the period from the defendant's psychological evaluation through the filing of the psychological evaluation).

■ Although the Court had received the Report from Butner by the time of the October 3, 2007, status conference,[7] that conference did not result in a ruling on Browne's competency to stand trial.[8] The Magistrate Judge never conducted or scheduled an official competency hearing.[9] There is nothing in the record to suggest that the Magistrate Judge required any additional documents other than the Butner Report in order to determine Browne's competency to stand trial.[10] The Magistrate Judge took the matter under advisement following the receipt of the Report on October 3, 2007, and has not made a determination as to Browne's competency to stand trial as of the date of this Opinion.

■ The 30-day period between October 3, 2007, and November 2, 2007, is excludable as delay attributable to the consideration of Browne's competency to stand trial. *See* 18 U.S.C. § 3161(h)(1)(J); *see also, e.g., Jones*, 23 F.3d at 1309-10 (excluding 30 days following the court's receipt of the report indicating the defendant's competency to stand trial as delay attributable to the court's consideration of the defendant's competency to

---

[7] The date of October 3, 2007, is separately excludable as a result of the status conference that was conducted on that date. *See* 18 U.S.C. § 3161(h)(1); *see also United States v. Martinez*, 75 F. Supp. 2d 360, 364 (D.N.J. 1999) ("[T]he day of the status conference . . . is excluded as an other proceeding[ ] concerning the defendant pursuant to Section 3161(h) (internal citations and quotations omitted)); *United States v. Maloy*, 835 F. Supp. 1373, 1376 (M.D. Fla. 1993) ("The day of the status conference is excluded from the speedy trial period.").

[8] Based on the record of the October 3, 2007, status conference, that conference cannot reasonably be construed as a competency hearing.

[9] A hearing is not always required prior to a judicial determination of a defendant's mental competency to stand trial. *See United States v. Clark*, 807 F.2d 412, 413 (5th Cir. 1986) ("While a motion for a judicial determination of competency may involve a hearing, one is not always required.").

[10] If additional materials were required to be submitted on the issue of Browne's mental competency after October 3, 2007, the 30-day advisement period would not begin to run until such materials had been received. *See Henderson*, 476 U.S. at 331; *Clark*, 807 F.2d at 413 n. 2.

stand trial); *United States v. Clark*, 807 F.2d 412, 413 (5th Cir. 1986) (holding that, where no competency hearing was conducted after the defendant's psychological evaluation, the 30-day advisement period set forth in Section 3161(h)(1)(J) began running after the court received all documents required to determine the defendant's competency); *cf. Noone*, 913 F.2d at 27 (excluding the 17-day period during which the court considered the psychiatric report, and scheduled and conducted the competency hearing).

Because the information was filed on October 22, 2007, within the 30-day period for consideration of Browne's competency to stand trial, the speedy trial clock did not resume for purposes of the 30-day period set forth in Section 3161(b). Accordingly, the only non-excludable time between Browne's arrest and the filing of the information was the unreasonable delay of 25-days in transporting Browne to Butner that occurred after the entry of the April 19, 2007, detention order. Because the information was filed within 30 non-excludable days after Browne's arrest, there has been no violation of Section 3161(b).

## B. 70-Day Clock

Browne also argues that the charges should be dismissed because the government failed to bring him to trial within 70 days after the filing of the information. *See* 18 U.S.C. § 3161(c)(1). Specifically, Browne contends that 89 non-excludable days have passed since the filing of the information.

 The filing of the information on October 22, 2007, marked the beginning of the 70-day trial clock in this matter. *See* 18 U.S.C. § 3161(c)(1); *see also United States v. Severdija*, 723 F.2d 791, 792 (11th Cir. 1984) (explaining that "the date of the indictment is not counted as one of the 70 days allowed by the Act."). However, as explained above, the 30-day period for consideration of Browne's competency to stand trial did not expire until November 2, 2007. The time from October 22, 2007, through November 2, 2007, is excludable from the calculation of the 70-day period for trial. *See* 18 U.S.C. § 3161(h)(1)(J); *see also* 18 U.S.C. § 3161(h) (providing that the enumerated exclusions, including the excludable advisement period set forth in Section 3161(h)(1)(J), apply both to the 30-day period for the filing of an information and to the 70-day period for trial).

■ Accordingly, the speedy trial clock did not begin running until November 3, 2007. Thereafter, 39 non-excludable days passed with no activity in this matter until the December 12, 2007, hearing following Browne's December 11, 2007, return to the District.[11] The date of the December 12, 2007, hearing is excludable under Section 3161(h)(1) as a "proceeding[] concerning the defendant." 18 U.S.C. § 3161(h)(1); *see also United States v. Felton*, 612 F. Supp. 599, 603 (W.D. Pa. 1985) (explaining that "the hearing date[] is excludable under [Section 3161(h)(1)]"), *aff'd*, 811 F.2d 190 (3rd Cir. 1987).

After the December 12, 2007, hearing, six non-excludable days passed before Browne filed his motion to modify the conditions of his release on December 19, 2007. No hearing was conducted or scheduled with respect to the motion to modify the conditions of release, which was eventually decided on the papers.

■ For pretrial motions decided without a hearing, the time from the filing of the motion until all the necessary documents are before the court, plus a 30-day advisement period, is excludable. *See* 18 U.S.C. §§ 3161(h)(1)(F), (J); *see also Henderson*, 476 U.S. at 329 ("[F]or motions decided solely on the papers, Congress has allowed exclusion of

---

[11] The government claims that, under Section 3161(h)(1)(H), the speedy trial clock was tolled for the entire 63-day period during which Browne in the process of being transported back to the District from Butner. The government cites *United States v. Garrett*, 45 F.3d 1135 (7th Cir. 1995) for the proposition that absent an order directing transportation of the defendant all transportation delay resulting from the return trip to the district is excludable under Section 3161(h)(1)(H). *Garrett* stands for no such proposition. Rather, in *Garrett*, the court held that "where . . . no order directing the transportation of a defendant exists, the date upon which the defendant was authorized for transportation by the appropriate prison official controls the application of [Section] 3161(h)(1)(H)." *Garrett*, 45 F.3d at 1139-40 (additionally excluding intervening weekends and holidays from the ten-day transportation period).

Moreover, the government's position finds absolutely no support in the text of the statute. Section 3161(h)(1)(H) imposes a 10-day limit on excludable delay resulting from transportation both "to *and from* places of examination or hospitalization." 18 U.S.C. § 3161 (h)(1)(H) (emphasis added); *see also Garrett*, 45 F.3d at 1139-40 (limiting excludable delay resulting from the defendant's return to the district to ten days under Section 3161(h)(1)(H)); *Bond*, 956 F.2d at 632 (applying Section 3161(h)(1)(H) to limit excludable transportation delays during the defendant's return trip to the district). While the exact date of Browne's departure from Butner is not apparent from the record, it is clear that Browne was in the process of being transported on October 3, 2007. The ten-day transportation exclusion therefore started running on October 4, 2007, and expired well before the 70-day clock began ticking on October 22, 2007. Contrary to the government's argument, no period of time relevant to the 70-day trial clock is excludable as reasonable transportation delay.

time during which the parties are filing their briefs.");[12] *United States v. Clark*, 807 F.2d 412, 413 (5th Cir. 1986) (holding that where no hearing on the pretrial motion was held or required, the 30-day advisement period commenced "once all necessary documents [were] before the court").

Here, the Court had all the information it needed to decide the motion to modify on January 8, 2008, when the deadline for opposing the motion expired and no opposition was filed.[13] The 30-day advisement period therefore began running on January 9, 2008. The Magistrate Judge granted the motion to modify on January 25, 2008, well within the excludable advisement period.[14] Consequently, the speedy trial clock was tolled from the filing of the motion to modify on December 19, 2007, through its prompt disposition on January 25, 2008. *See* 18 U.S.C. §§ 3161(h)(1)(F), (J); *Henderson*, 476 U.S. at 329-33; *Clark*, 807 F.2d at 413. Moreover, Browne filed the instant motion and supplemental motion to dismiss on January 24, and 25, 2008, before the expiration of the advisement period for the motion to modify. The speedy trial clock was therefore tolled from the filing of the motion to dismiss on January 24, 2008.

██ ██ Due to the pendency and consideration of the motion to modify and the motion to dismiss, the entire period from December 19, 2007, through the disposition of the instant motion is excludable from the speedy trial calculation. *See* 18 U.S.C. §§ 3161(h)(1)(F), (J); *Henderson*,

---

[12] As the Supreme Court of the United States explained in *Henderson v. United States*, 476 U.S. 321, 106 S. Ct. 1871, 90 L. Ed. 2d 299 (1986), in addition to governing motions

> [Section 3161(h)(1)(F)] concerns motions that require no hearing and that result in a "prompt disposition." There, the promptness requirement was "intended to provide a point at which time will cease to be excluded, where motions are decided on the papers filed without hearing." The "point at which time will cease to be excluded" is identified [Section 3161(h)(1)(J)], which permits an exclusion of 30 days from the time a motion is actually "under advisement" by the court. . . .

*Henderson*, 476 U.S. at 329 (quoting S.Rep. No. 96-212, p. 34 (1979)).

[13] *See* LRCi 7.0.1(d)(1) (2008) ("A party shall file a response within ten (10) days after service of the motion"); LRCR 1.2 (1993) ("In cases of general procedure not covered by these Local Rules of Criminal Procedure, the Local Rules of Civil Procedure shall apply."); *see also* FED. R. CRIM. P. 45 (providing that, when computing periods of time shorter than eleven days, intermediate Saturdays, Sundays, and legal holidays should be excluded).

[14] Additionally, the dates of January 9, 2008, and February 6, 2008, are separately excludable as a result of the status conferences conducted on those dates. *See* 18 U.S.C. § 3161(h)(1); *Martinez*, 75 F. Supp. 2d at 364; *Maloy*, 835 F. Supp. at 1376; *see also* note 7, *supra*.

476 U.S. at 328-33; *see also In re Hubbard*, 226 Fed. Appx. 109, 112 (3d Cir. 2007) ("The pendency of multiple pretrial motions provides a basis for excluding time from the speedy trial calculation.").

For purposes of the 70-day trial clock, 39 non-excludable days elapsed between November 2, 2007, and December 12, 2007, and six non-excludable days elapsed between December 12, 2007, and December 19, 2007. Accordingly, a total of 45 non-excludable days passed between the filing of the information and the date of this Memorandum Opinion and Order. Accordingly, there has been no violation of Section 3161(c)(1) in this case.

## III. CONCLUSION

For the foregoing reasons, the Court will deny Browne's motion to dismiss in its entirety. An appropriate Order follows.